dition, and there is evidence in the record tending to show that there was basis, at least, for the opinion that the condition of the stomach was not due to his injuries.  Under such circumstances there was no fraud or deceit, and plaintiff's claim is barred by lapse of time.  *Whitman* v. *Seaboard Air Line Ry. Co.,* 107 S. C., 200, 92 S. E., 861, L. R. A., 1917F, 717.

The court below did not err in directing a verdict, and the judgment will be affirmed.

*Judgment affirmed.*

RICHARDS, P. J., and YOUNG, J., concur.

---

BAKER ET AL., EXRS., *v.* ALEXANDER ET AL.

*Wills—Construction—Plain language not qualified by conjecture arising from extraneous circumstances—Language expounded in common, natural and ordinary sense—Testator's intention determined from entire instrument—Fee simple devised in residuary clause—Executor directed not to close administration of estate for five years—Or to sell realty until after four years—Trust in realty in executors not created—Restraint on devisees in fee, void—No implied authority in executors to deal with realty—Executor's power to sell land not coupled with an interest—Language forbidding alienation void as in nature of precatory devise—Fee simple devise not limited by subsequent doubtful provisions.*

1. If language of will is plain, and meaning obvious, court cannot qualify or control the language by conjecture or doubt arising from extraneous facts.
2. In construing language in will which is clear and unambiguous, court must expound language in its common, natural, and ordinary sense.

3. Intention of maker of will must be determined from entire instrument, if there be anything throwing light on items claimed to be ambiguous.

4. Residuary clause in codicil, conveying realty to named devisees, read in connection with will directing executors not to close administration of estate for five years after death of testatrix, and not to sell realty for four years, but that they might sell thereafter, given plain and ordinary meaning, was not intended to create trust in realty in executors.

5. Restraint on devisees in fee by provision in will that executors shall not close administration of estate until five years after death of testatrix is void as against public policy.

6. Authority of executor to sell land, if any, was obtained under will and codicils.

7. Under will devising realty to named devisees, and not directing payment of debts or legacies, or making any other distribution of proceeds from sale of land, executors had no implied authority to deal with realty.

8. Where testatrix devised farm by codicil to residuary devisees in fee, power of sale in will, if any, permitting executor to sell land after four years, was conferred on executors as naked power only, and not coupled with an interest.

9. Where there is repugnancy in will between specific devise and provision against closing administration of estate for five years after death of testatrix, language forbidding alienation is void as in nature of precatory declaration, and devisees take fee-simple estate.

10. Where land is devised by language clearly indicating that fee simple is intended to be conveyed, and without words of limitation, devise cannot be limited by subsequent doubtful provision placing limitation thereon.

(Decided February 8, 1926.)

APPEAL: Court of Appeals for Richland county.

Mr. W. H. Lutz, and Messrs. Mansfield & Black, for plaintiffs.

*Messrs. Brucker & Farber,* and *Mr. A. B. Mabee,* for defendants.

HOUCK, J.   This is an appeal from the judgment of the common pleas court of Richland county, and the question involved is the proper construction of item 10 of the codicil and item 29 of the will of Eva P. Knox, late of that county.

The questions raised in this case were ably presented by counsel in oral argument and written briefs.

Eva P. Knox, unmarried, and without issue, died January 29, 1924, and her will was probated February 20, 1924.   The settlement account of the executors discloses that the personal property has been fully administered; that all debts and specific bequests have been paid; that distribution to the residuary legatees has been made; and that the real estate remains intact and consists of a large farm situated in the southern part of Richland county.

Item 10 of the codicil reads: "I hereby revoke item 26 in my said will and instead thereof it is my will that all the rest, residue and remainder of my property, if any, both real and personal, and wheresoever the same may be situated, I give, devise and bequeath to Laura Alexander," etc., "share and share alike or to their heirs share and share alike."

Item 29 of the will reads: "It is further my will and I hereby direct my executor hereinafter named that he shall not close the administration of my estate until the expiration of five years after my death, and that he shall not sell any of my real estate during the first four years of his trust, but may sell it thereafter."

The question submitted by the executors to the court is as to a proper construction and interpretation of the residuary clause in item 10 of the codicil when taken in connection with item 29 of the will wherein the executors are directed not to close the administration of said estate for five years after the death of testatrix, and not to sell the real estate during the first four years.

The questions propounded by the executors grow out of the language used in item 29 of the will, and may be stated as follows:

(a) Are the executors authorized and empowered to sell the real estate, after four years, and distribute the proceeds among the devisees named in item 10 of the codicil?

(b) Are the executors to hold the real estate in trust until they sell it and account for the net profits to the devisees named in item 10 of the codicil?

(c) Can' the executors legally close the administration of the estate before five years?

After all, the decisive question in this case is: What authority, if any, under the will or codicils is given to the executors to sell said real estate, or to in any way, manner, or form hold it in trust? Nowhere in the will or the codicils is such authority found, or could be properly claimed to exist, unless it be in the language used in item 29 of the will.

It will be observed that by item 10 of the codicil the testatrix gives the fee simple of the real estate in question to the residuary devisees named therein. Thus having parted with the fee, it must so pass, unless the provisions of item 29 of the will create

a trust in the executors, which gives them authority to sell such real estate and distribute the proceeds to the residuary devisees.

We think it will not be disputed that if the language of a will is plain, and its meaning obvious, the court has no right to qualify or control such language in any way by conjecture or doubt arising from extraneous facts.

We further find and hold that, in the interpretation and construction of words, phrases, and language used in a will, if they are within themselves clear, plain, and unambiguous, the most that can be done is to expound them in their common, natural and ordinary sense. In such cases the words and language alone best declare and set forth their true meaning.

True, the intention of the maker of a will must be determined from the entire instrument, if there be anything that will throw light upon the item or items claimed to be ambiguous, but here there is nothing in the other items of the will or codicils that refers even in the remotest way to the item in dispute, or that would in any way add to or take from what seems to be the plain meaning of the language used.

If the language in the questioned item means what these common and ordinary words and sentences appear to convey, they need no construction. It occurs to us that the testatrix had in mind more than anything else the objects of her bounty—the devisees of her real estate—and not the manner, the form in which, or by whom, it should be distributed to them after her death. We reach this conclusion from the plain meaning of the language

used in item 10 of the codicil and item 29 of the will.

If the language under review is given its plain and ordinary meaning we must and do find that no trust estate in the executors was intended, and certainly none placed in them so far as the realty is concerned. We are clearly convinced that the restraint sought to be imposed on the devisees, in the present case, by the provision in item 29 of the will, "that my executors shall not close the administration of my estate until five years after my death," etc., is null and void, and against public policy.

We need but cite a few authorities to sustain our views. In 3 Tiffany on Real Property (2d Ed.), page 2311, we find this rule laid down: "The fact that a restriction upon the right to alienate a vested estate in fee simple is to endure for a limited time only does not, by weight of authority, render the restriction valid."

The following is clearly in point: "We are entirely satisfied that there has never been a time since the statute *quia emptores* when a restriction in a conveyance of a vested estate in fee simple, in possession or remainder, against selling for a particular period of time, was valid by the common law. And we think it would be unwise and injurious to admit into the law the principle contended for by the defendants' counsel, that such restrictions should be held valid, if imposed only for a reasonable time. It is safe to say that every estate depending upon such a question would, by the very fact of such a question existing, lose a large share of its market value  *  *  *.  The only

safe rule of decision is to hold, as I understand the common law for ages to have been, that a condition or restriction which would suspend all power of alienation for a single day, is inconsistent with the estate granted, unreasonable and void.   Certainly the law of real estate, as to the incidents and nature of the several species of estates and the effect of the recognized instruments and modes of transfer, is of too much importance to be sacrificed .to the unskillfulness, the whims or caprices of a few peculiar individuals in isolated cases." *Mandlebaum* v. *McDonell,* 29 Mich., 78, 107 (18 Am. Rep., 61).

It must be remembered that no direct authority, at least in words, is given the executors to make distribution of any proceeds from sale of real estate.   All power given, so far as the will or codicils disclose, is as follows:

"And he [executors] shall not sell any of my real estate during the first four years of his trust, but may sell it thereafter."

The executors obtained their authority, if any, as to the real estate, under the will and codicils.

They certainly have no implied authority, and especially when the fee passed under the devise to the devisees named by the testatrix.   The will does not direct the payment of debts, legacies, or devises, or make any other distribution of the proceeds from the sale of the land, or direct the executors to distribute the proceeds from the sale among the devisees, beneficiaries, or any one else.

It follows that there is a clear absence of any intent on the part of the testatrix to invest the executors with power to sell the real estate; or that

they should hold it in trust; and no direction to distribute or pay the proceeds to any person or persons. Having once disposed of the fee in her land, and the same having vested in the residuary devisees, therefore, under the will and the law, the executors have no trust interest in the realty or authority to sell or dispose of it.

Counsel, in their briefs, have cited and relied upon the decisions of cases in many jurisdictions outside of Ohio as bearing upon the proper judgment to be entered in this case. We have read most of them and admit they are very helpful. But, after all, we find in our own jurisdiction decisions that are decisive of the questions in dispute here, and we are inclined to, and will, rely upon them.

In the case now before us the power of sale, if any was conferred upon the executors, was a naked power only, and not one coupled with an interest, and the most that could be claimed for it is an exercise of same if it became necessary to sell the land in order to distribute the proceeds among the residuary devisees of Eva P. Knox, which contingency, under the facts, has not, and cannot, take place.

We cite in support of this statement the case of *Hoyt* v. *Day,* 32 Ohio St., 101. The syllabus reads:

"1. A testator, whose estate consisted of a single tract of land, occupied as a homestead, and some personal property, devised and bequeathed to his wife one-half of all his real and personal estate, and the other half to his brothers and sisters, and the children of a deceased sister, naming each, and specifying the proportion or share of

each. He appointed an executor, and authorized and empowered him to sell and convey 'all said real estate to the purchaser or purchasers thereof, if necessary for the purpose of distributing' it 'among the devisees and legatees aforesaid.' *Held,* that this was a devise in fee, to each of the devisees by name, of an undivided estate in land, in the proportions specified, and not a bequest of the proceeds of said land.

"2. That the power of sale vested in the executor was a naked power only, not a power coupled with an interest in the land, and could only be exercised, if necessary, for the purpose of making distribution among the devisees.

"3. Each of said devisees holds his share as a tenant in common with the others, and is entitled to all the rights of such tenancy, subject only to the power of sale.

"4. The power of sale was not absolute. It could only be exercised, if necessary, for the purposes of distributing the estate. Its exercise must be limited to the purposes for which it was granted."

The rule in Ohio seems to be clearly fixed and settled that, where there is a repugnancy in a will, as claimed in the present case, the language forbidding alienation is void, for the reason that such qualifying provision is considered in the nature of a precatory declaration, and the devisees take a fee-simple estate.

We need but refer counsel to the following Ohio authorities, which are directly in point:

In *Anderson* v. *Cary,* 36 Ohio St., 506, 38 Am. Rep., 602, the syllabus reads:

"Lands were devised as follows: I give and bequeath the farm on which I now live, of 285 acres, to my two sons, Thomas and Lincoln, upon the following conditions: 1. I direct that they, the said sons, shall not be allowed to sell and dispose of said farm until the expiration of ten years from the time my son, Charles Lincoln, arrives at full age, except to one another, nor shall either of my said sons have authority to mortgage or incumber said farm in any manner whatsoever, except in the sale to one another as aforesaid. *Held,*

"1. The devisees took a vested estate in fee simple.

"2. A violation of the so-called conditions did not work a forfeiture of the estate devised.

"3. The restraint attempted to be imposed on the power of the devisees to alien or incumber the estate was void, as repugnant to the devise and contrary to public policy.

"4. The estate of the devisees was not converted into a trust, by reason of a gift, in the same will, to the widow of the testator, of the one-third of the rents and profits of same lands."

Section 10580, General Code, provides:

"Every devise in a will of lands, tenements, or hereditaments, shall convey all the estate of the devisor therein, which he could lawfully devise, unless it clearly appears by the will that the devisor intended to convey a less estate."

We think the conclusion of the whole matter, and the decisive issue, in the cause now to be determined, is fully and completely summed up and disposed of by that learned and distinguished jurist,

Judge McIlvaine, in his opinion in the last-cited case, as appears on page 517, wherein he says:

"But the case before us, is the devise of an absolute fee, with a clause restraining the alienation and incumbering of the estate for a limited period, intended, no doubt, for the protection of the devisees, who alone are interested in the estate devised. In holding that such restraint is repugnant to the nature of the estate devised, and is void as against public policy, which in this state, in the interest of trade and commerce, gives to every absolute owner of property, who is *sui juris,* the power to control and dispose of such property, and subjects the same to the payment of his debts, we are fully aware of the fact that many authorities may and have been cited to the contrary. Others, however, support the view we have taken, but I shall not attempt either to review or reconcile the cases, being content to rest the decision upon what we conceive to be sound principle and sound policy. The owner of property cannot transfer it absolutely to another, and at the same time keep it himself."

We find in the following cases valuable suggestions and information which have materially aided us in solving the problem presented to us: *Hobbs* v. *Smith,* 15 Ohio St., 419; *Heath* v. *Borst,* 13 Ohio App., 115; and *Smalley* v. *Smalley,* 24 C. C. (N. S.), 353, 27 C. D., 112.

We reach the unanimous conclusion that, while there may be, and is, some little conflict in the authorities in other jurisdictions, it is, in our own jurisdiction, however, the settled law that, where land is devised in words and language clearly in-

dicating that fee simple is intended to be conveyed, and without words of limitation, the devise cannot be limited by a subsequent doubtful provision placing a limitation thereon.

The finding and judgment of the court is that the residuary devisees named in item 10 of the codicil of the last will and testament of Eva P. Knox, deceased, took, and are now vested with, the fee-simple title to the real estate involved in this lawsuit; and that the executors have no interest in, in trust or otherwise, and have no power or authority to sell, the real estate in controversy.

Judgment for defendants and against the plaintiffs, the executors of the will of Eva P. Knox, deceased.

*Judgment for defendants.*

SHIELDS and PATTERSON, JJ., concur.