**FOUREMAN, ET, Plaintiffs-Appellees, v. FOUREMAN ET, Defendants-Appellants, PEOPLES SAVINGS BANK OF GREENVILLE, ET, Defendants-Appellees.**

Ohio Appeals, Second District, Darke County.

No. 647. Decided November 15, 1946.

572

T. A. Billingsley, Greenville, and Floyd D. Smith, Greenville, for Plaintiffs-Appellees.

Walter F. Rhynard, Greenville, for Defendants-Appellants.

George W. Porter, Greenville, for The Peoples Savings Bank, Defendants-Appellees.

## OPINION

By WISEMAN, J.:

This is an appeal on law from the judgment of the Common Pleas Court of Darke County, Ohio, wherein the Court construed the will of Lazarus Foureman, deceased, and issued

a decree for the partition of certain lands known as the "Home Farm." Under the will, the widow, Elizabeth B. Foureman, was given a life estate with a remainder to the children share and share alike. The will further provided in Item 5 that "should any child or children become dissatisfied with this my will and cause any trouble in the settlement of my said estate, or go into court for the purpose of contesting this will or to partition said real estate, or otherwise interfere with the proper administration of my said estate, then it is my desire that such child or children shall forfeit to the estate the undivided one third part of his, her, or their shares on distribution; and that the portions so forfeited to my said estate shall pass to and vest absolutely in my child or children satisfied with my said will, share and share alike."

Testator died March 25, 1925, leaving surviving him his widow and three children, Roy B. Foureman, Alma B. Foureman, and Howard L. Foureman, all of whom are living adults. The will was admitted to probate by the Probate Court of Darke County, Ohio, on May 9, 1925. No executor was appointed and no further steps were taken in the administration of the estate. On December 16, 1938, Howard L. Foureman and his wife, Carrie Foureman, together with the widow, Elizabeth B. Foureman, executed and delivered to the defendant, The Peoples Savings Bank of Greenville, Ohio, a certain real estate mortgage conveying to said bank their interest in said farm; said mortgage was given to secure a note on which there was due $3580. On March 11, 1944, the widow by deed conveyed to the plaintiffs, Roy B. Foureman and Alma B. Foureman, all her right, title, and interest in said farm.

In the original petition the plaintiffs prayed for an accounting and an order of partition. In their amended petition for their first cause of action, plaintiffs seek the construction of the will of Lazarus Foureman, and in their second cause of action pray that if the Court should find that the restrictions in said will against partitioning of said real estate are invalid and ineffective, that, in that event, the plaintiffs be granted a decree of partition. To the amended petition the defendants-appellants filed their third amended answer and cross-petition in which they set up numerous defenses. The defendants-appellants invoked the forfeiture clause contained in the will and asked the Court to construe the will and declare that plaintiffs had forfeited their interest in said real estate.

The Court held that the widow took a life estate which was transferable; that the three children took an absolute fee simple estate in remainder, subject to the life estate of the widow; that the restraint placed by testator upon the right of the children to partition the "Home Farm" was for the pro-

tection of the widow so long as she retained her life estate, and was not intended to be a continuing and permanent restraint upon the right of the children to partition; that the provision in Item 5 in said will which attempts to deprive any of the children from partitioning said real estate is null and void and does not operate to restrict the rights of the remainder men. The Court further found that the interest of Elizabeth B. Foureman, Howard L. Foureman and Carrie Fourcman in said real estate is subject to the mortgage lien in favor of The Peoples Savings Bank of Greenville, Ohio; that plaintiffs are entitled to have partition of said real estate.

For their assignments of error, the defendants-appellants claim that the judgment of the Court is contrary to law; that the judgment is not sustained by sufficient evidence; that the Court erred in the exclusion and omission of testimony; that the Court erred in admitting evidence over their objection; that the judgment is against the manifest weight of the evidence; that the Court erred in permitting plaintiffs to amend their petition from a suit in partition to a suit to construe a will; that the Court erred in entertaining a suit to construe a will under §10504-66 GC as the action was not instituted by them as fiduciaries; that the court erred in entertaining a suit under §12102-2 GC (Declaratory Judgment Act), as all questions involved were moot; that the Court erred in denying the defendants a trial on their answer and cross-petition; that the defendants-appellants were not given an opportunity to interpose a defense; and all other questions on the face of the record.

On the issues drawn by the pleadings, the principal question for the Court to determine was whether the restrictive clause in the will which attempted to deprive a remainder man from bringing a partition suit was valid. Whether the Court finds in determining the intention of the testator, which is the cardinal rule to follow in all will construction suits, that the restrictive clause was for the protection of the widow and ceased to operate when she conveyed her interest, or that the provision was repugnant to the devise of a fee simple estate, the result would be the same as to the rights of the plaintiff to partition. An unlimited right of disposition is the essence of an estate in fee simple, and the law of Ohio is fairly well settled that any attempt to restrict the right of the holder to alienate his interest is null and void. See **Volume 31, O. Jur. page 330; Volume 16, O. Jur. 391;** Volume 28 Ruling Case Law page 316; **Anderson v Cary, 30 Oh St 506; Baker v Alexander, 24 Oh Ap 119;** The Toledo Loan Co. v Larkin, 1 O. C. C. N. S. 473; **Minor v Shippley, 21 Oh Ap 237;** Persinger v Britton, et al., 29 O. C. A. page 316; **Persinger v Britton, 10 Oh Ap 165;** see also

Page on Wills, Volume 2 (2d Edition) page 1787; Tiffany on Real Property, Volume 3 (2d Edition), page 2307; Thompson on Real Property, Volume 5, Sec. 2716.

We approve the judgment of the trial Court that the restrictive clause in the will was for the protection of the widow's interest and ceased to operate after she conveyed her interest. This disposes of the principal issue in the case.

We hold that the trial Court did not abuse its discretion in permitting the plaintiffs to amend their petition to include a cause of action in which they asked the Court to construe the will. The journal entry recites that the right to amend was granted in open court in the presence of counsel. Counsel did not reserve objection to the court order. Furthermore, the defendants-appellants joined issue by filing thereto their amended answer and cross-petition. In their cross-petition the defendants-appellants asked the Court to construe the will and thus they pray for the same relief as the plaintiffs ask in their amended petition. The contention is made that the plaintiffs could not maintain a will construction suit as they did not bring such suit as a fiduciary of an estate as provided under §10504-66 GC. This action was brought under the provisions of §12102-2 GC and §12102-4 GC which are part of the Declaratory Judgment Act and provide that any person interested in the estate or trust may bring such action.

We have examined the Bill of Exceptions and cannot find where the Court committed prejudicial error either in the admission or exclusion of evidence. Furthermore, we are of the opinion that the judgment is sustained by sufficient evidence, and that the judgment is not against the manifest weight of the evidence. The record does not show where the defendants-appellants were denied the right to interpose a defense or to introduce any evidence pertinent to the issue.

Finding no error in the record prejudicial to the defendants-appellants, the judgment of the trial Court is affirmed.

HORNBECK, PJ, concurs, MILLER, J, not participating.

**APPLICATION TO BE HEARD BY THREE-JUDGE COURT.**

Decided December 14, 1946.

**OPINION**

By THE COURT:
Submitted on motion to have this matter heard by a three-

judge Court. At the time this matter was submitted to the Court it was stated in open Court that Judge Miller had decided not to participate for valid reasons. Thereupon the Presiding Judge asked counsel whether they were willing to submit the matter to a two-judge Court. All counsel, in open court, agreed to do so. We find nothing improper or illegal in this procedure. The agreement of counsel appears in the record. The Constitutional provision (**Art. IV, Sec. 6**) requiring a concurrence of all three judges in a reversal of the judgment of the trial court on the facts has no application here, as the judgment of the trial court was affirmed and not reversed. Furthermore, this appeal was one on law and the questions raised were not factual. The weight of the evidence was not involved.

The application will be denied.

HORNBECK, PJ, and WISEMAN, J, concur, (MILLER, J, not participating).

## MOTION FOR REHEARING.

Decided December 14, 1946.

## OPINION

By THE COURT:

Submitted on motion for rehearing. The Appellant claims the Court failed to state one important factual situation. The widow was a party to the case, and at the time the trial court rendered judgment the widow was still living, otherwise the question involved would have become moot. Before the matter reached this Court the widow died and her administrator was made a party to the suit.

Without granting a rehearing the Court may well clarify this matter by stating that the decision of this Court was rendered in light of the factual situation which prevailed in the trial court—during the life of the widow. Since this is an appeal on law, the Court could not do otherwise.

All other matters raised on the application were fully considered by the Court at the time the opinion was rendered.

Application will be denied.

HORNBECK, PJ, and WISEMAN, J, concur, (MILLER, J, not participating).