DURBIN, APPELLANT, *v.* DURBIN ET AL., APPELLEES.*

(No. 446—Decided November 20, 1957.)

*Mr. Roy W. Roof* and *Mr. John L. Roof*, for appellant.
*Mr. John Robenalt* and *Messrs. Light & Siferd*, for appellees.

MIDDLETON, P. J.   This is an appeal on questions of law from a judgment of the Court of Common Pleas in favor of the defendants and against the plaintiff.

Plaintiff brings this action to contest the will of his mother, Mary L. Durbin.   The facts, so far as pertinent to the issues involved, are as follows:

Decedent died May 5, 1955, and on April 25, 1956, her will was admitted to probate in the Probate Court of Hardin County.   The six-month period in which an action to contest her will could be brought expired October 25, 1956.   On October 8, 1956, plaintiff filed his petition in the Court of Common

---

*Motion to certify the record overruled, April 23, 1958.

Pleas to contest the will. The executors of the will, all devisees, legatees and heirs at law, were named as defendants and legally served with summons.

Item 8 of the will of Mary L. Durbin is as follows:

"I give and bequeath my stock in the Kenton Savings Bank of Kenton, Ohio, as follows: eleven (11) shares to Florence E. Durbin; nine (9) shares to Margaret M. Durbin; nine (9) shares to Mary Diane Durbin; and nine (9) shares to Sara Elizabeth Durbin. It is my express desire that the above named legatees shall have and enjoy any and all dividends paid on said stock, but I expressly direct that none of said stock shall be sold by any of said degatees unless with the consent and approval of Addison C. Johnston, President of the Kenton Savings Bank of Kenton, Ohio."

Addison C. Johnston, named in this item of her will, was not made a party defendant nor has any summons been issued or served upon him.

After the expiration of the six-month period, the defendants, on November 10, 1956, filed a motion to dismiss plaintiff's petition for the reason that Addison C. Johnston is not named as a party in plaintiff's petition, nor was any summons issued for or served on him and that under item 8 of the will of Mary L. Durbin, Addison C. Johnston is an interested person and required to be made a party, as set forth in Section 2741.02 of the Revised Code. The court below sustained this motion to dismiss, and it is from that judgment that this appeal is prosecuted.

The sole question presented in this appeal is this, to wit, is Addison C. Johnston such an interested person as required him to be made a party in the action to contest the will, pursuant to the provisions of Section 2741.02 of the Revised Code?

The provisions of Section 2741.01 we find have been a part of the statutes of Ohio from at least 1831. The language has been changed from time to time, but in every amendment or change in the statute the persons entitled to contest a will are stated to be, "any person interested," "a person interested in a will," "a person interested therein," and as now appears in the present law, "a person interested in a will or codicil."

The statute in its present form has been in effect since

prior to 1880. The earliest date we have been able to find, where the provisions of Section 2741.02 appear, is 1878. 75 Ohio Laws, 781, Chapter 15, Section 2. In that Act the provisions contained in Section 2741.01, Revised Code, appear as Section 1, and the provisions of present Section 2741.02, Revised Code, appear as Section 2. Section 1 provides, "*a person interested therein* may contest the validity of a will or codicil * * *." Section 2 provides, "all the devisees, legatees, and heirs of the testator, and *other interested persons* * * * must be made parties to the action."

It must be assumed that the Legislature was referring to the same class of persons when it used the descriptive words, "a person interested therein," in defining persons who may contest the validity of a will, and the descriptive words, "other interested persons," in naming those persons necessary to be made parties in an action to contest the validity of a will.

There is nothing in these sections to support the belief that the Legislature intended to make any distinction between "interested persons" in one section, and "interested person" in the other section.

Judge Donahue, in his opinion in *Chilcote, Gdn.*, v. *Hoffman*, 97 Ohio St., 98 at page 109, 119 N. E., 364, L. R. A., 1918D, 575, states:

"The language of Sections 12079 and 12080, General Code, is substantially the same.* In the former section, the words 'a person interested' are used. In the latter section, the words, 'other interested persons.' These words are identical in meaning."

An interested party, within the meaning of Section 2741.01, Revised Code, has been defined by the courts of Ohio many times. In *Chilcote* v. *Hoffman, supra,* an interested party is defined as one who at the time of the commencement of the action to contest a will has a direct, pecuniary interest in the estate of the putative testator, that would be impaired or defeated if the instrument admitted to probate is a valid will.

In *Bloor* v. *Platt*, 78 Ohio St., 46, at page 49, 84 N. E., 604, Judge Davis, in his opinion, states:

"Construing all these enactments together it seems clear to us that the expressions, 'any person interested,' 'a person

interested in a will or codicil' and 'other interested persons' are equivalent * * *. Any person who has such a direct, immediate and legally ascertained pecuniary interest in the devolution of the testator's estate as would be impaired or defeated by the probate of the will, or be benefited by setting aside the will, is 'a person interested.' ''

The quality or character of the interest in a will necessary to support one's right to contest a will, and the quality or character of the interest held by one required to be made a party to such contest action are the same.

Applying the above tests to the item under consideration, does Addison C. Johnston qualify as an interested person, requiring him to be made a party in the action to contest? Certainly he does not have any direct, immediate or pecuniary interest in the will. He is not appointed trustee to take possession of the stock, nor is he given any title to or interest in the stock itself. Whether the will is sustained or set aside would in no way directly affect him. Thus tested, we are of the opinion that Addison C. Johnston is not an interested person in the will of Mary L. Durbin, and it was not necessary to make him a party in the action to contest the will.

In the opinion of the writer the reference in item 8 of the will to Addison C. Johnston as "President of the Kenton Savings Bank of Kenton, Ohio," does not enlarge, change or affect in any way, the claimed interest of Addison C. Johnston in the will or the stock referred to. The words, "President of the Kenton Savings Bank of Kenton, Ohio," are in my opinion merely words of identification. While such identification may furnish an explanation of the testator's reason for naming Addison C. Johnston, it does not change the extent or character of the interest which Addison C. Johnston would have in the absence of such identification.

It is asserted by the defendants that the interest of Mr. Johnston under the will is an "immunity" against having the ownership of the stock by the heirs altered by any act or omission of such heirs unless he gives his approval and consent thereto; and that this "immunity" is an "interest," and by reason thereof he is an "interested person" and a necessary party to the will contest.

The immunity claimed as constituting an interest in the estate of Mary L. Durbin is the restriction on the alienation or transfer of ownership of the bank stock by the designated legatees without the approval and consent of Addison C. Johnston. By item 8 of the will the named legatees of the bank stock are given absolute title and possession of the stock. There is no restriction on their title or ownership of the stock or the right to transfer the title thereto except that the stock shall not be sold by any of the legatees without the approval and consent of Addison C. Johnston. Mr. Johnston's sole right, as provided by the express terms of the will, is the right to restrict the sale and transfer of the stock by the legatees.

"The American courts hold that a condition of limitation in a conveyance or devise in fee to the effect that a grantee or devisee is not to alienate except with the consent of some other person is void." The Law of Future Interests (2 Ed.), Simes and Smith, 59, Section 1153.

"At common law the principle which prevents a person from imposing restraints on alienation inconsistent with the nature of the estate given *applies equally to personal and to real estate,* and general restraint on the alienation of articles, things, and chattels, except when a very special kind of property is involved, such as a slave or an heirloom, have been generally held void. The right of alienation is one of the essential incidents of a right of general property in movables, and restraints upon alienation have been generally regarded as obnoxious to public policy, which is best subserved by great freedom of traffic in such things as pass from hand to hand." (Emphasis added.) 41 American Jurisprudence, 120, Section 82.

"An unlimited right of disposition is the essence of an estate in fee simple, and the law of Ohio is fairly well settled that any attempt to restrict the right of the holder to alienate his interest is null and void." *Foureman* v. *Foureman,* 79 Ohio App., 351, at page 354, 70 N. E. (2d), 780.

Thus, the interest claimed by defendant to be held by Addison C. Johnston, if construed to be an interest, is one which could not be enforced and which under the law is null and void.

It is our conclusion that Addison C. Johnston is not an "interested person" required to be made a party in the action to

contest the will, and that the order of the Common Pleas Court in sustaining the motion dismissing plaintiff's petition is contrary to law and is error. The judgment of the court below must therefore be reversed and the cause remanded, with instructions to the court below to overrule defendants' motion to dismiss plaintiff's petition, and for further proceedings as required by law.

*Judgment reversed.*

YOUNGER, J., concurs.

GUERNSEY, J. I concur in the judgment and in that part of the foregoing opinion which holds that the limitation on the absolute gift of shares of stock is void as an unlawful restraint on alienation and that by reason thereof Mr. Johnston does not have such interest under the will of decedent as to make him a necessary party defendant in this action. It being thus established and held by this court that such limitation was void, I do not deem it necessary, contrary to such holding, to also assume the limitation to be valid and, based on such assumption, proceed to determine whether by reason of the consent and approval of Mr. Johnston required for a sale of stock he thus acquired such an interest under decedent's will to make him a necessary party to this action. For these reasons I do not concur in that part of the majority opinion which is based on such assumption.