BANK ONE, YOUNGSTOWN, N.A., Appellee,

v.

HELTZEL et al., Appellants;

Heltzel et al., Appellees.

[Cite as *Bank One, Youngstown, N.A. v. Heltzel* (1991), 76 Ohio App.3d 524.]

Court of Appeals of Ohio,
Trumbull County.

No. 90–T–4479.

Decided Dec. 16, 1991.

*John E. King,* for appellee.
*Sharon L. Akers,* for appellants.
*John R. Spain,* for appellees.

---

BASINGER, Judge.

This is an appeal from a complaint for a declaratory judgment filed by the appellee, Bank One, Youngstown, N.A., requesting the probate court to construe the provisions of a trust set forth in the last will and testament of Carl J. Heltzel. Appellee sought a determination of the interests of Melissa Mary Heltzel in the trust and a determination as to the proper distribution of income and/or principal. Appellants in this case are Carl J. Heltzel's two biological grandchildren, Heidi Ann Heltzel and John N. Heltzel IV. Upon agreement of the parties, the case was submitted to the court based upon the following facts stipulated to by all the parties:

"1. Carl J. Heltzel died testate at Warren, Ohio on December 20, 1981.

"2. Union Savings and Trust Company, now known as Bank One of Eastern Ohio, N.A., is the duly appointed and acting Trustee under the Last Will and Testament of Carl J. Heltzel dated August 24, 1963 and codicil dated November 21, 1964.

"3. Margaret E. Heltzel, the surviving spouse of Carl J. Heltzel, died on May 15, 1988.

"4. John N. Heltzel III, the only child of Carl J. Heltzel, was born on November 13, 1937.

"5. Heidi Ann Heltzel is the biological daughter of John N. Heltzel III and was born on February 20, 1965.

"6. John N. Heltzel IV is the biological son of John N. Heltzel III and was born on June 19, 1963.

"7. Melissa Mary Heltzel who was born on May 25, 1974, is the adopted daughter of John N. Heltzel III, having been so adopted on September 12, 1989.

"8. The petition to adopt Melissa Mary Heltzel was filed by John N. Heltzel III with the Trumbull County Probate Court of July 19, 1989.

"9. John N. Heltzel and Mary Ellen Heltzel, the biological mother of Melissa Mary Heltzel, were married on May 25, 1985.

"10. On September 13, 1989, John N. Heltzel III in his capacity as trust consultant and as father of Melissa Mary Heltzel, by and through his attorney, made a written demand upon Bank One as Trustee under the Last Will and Testament of Carl J. Heltzel, that Melissa Mary Heltzel share equally in the distribution of the trust specified in the Judgment Entry dated January 24, 1989 in Case No. 88 CV 1225 in the Probate Court of Trumbull County.

"11. Pursuant to said Judgment Entry, the Trustee has distributed, out of the principal of the trust, the total sum of $45,261.46 to or for the benefit of Heidi Ann Heltzel and the total sum of $39,485.52 to or for the benefit of John N. Heltzel IV, as of June 8, 1990. They each received from income during said period $18,939.37 and $18,515.37 respectively."

The parties also stipulated to the relevant documents, including a copy of the will setting forth the terms of the trust.

In the probate court's October 11, 1990 judgment entry, the court found that:

" * * * John N. Heltzel, III adopted Melissa Mary Heltzel on September 12, 1989, after the death of the testator, Carl J. Heltzel. The Court further [found] the testator's will contains no express language that prohibits an adopted child from taking under the terms of the trust. The Court further [found] that the terms of Trust # 2 as set forth in Item VI (B) provide[d] that 'Trust 2 shall continue to be held in trust for the benefit of my son, John, and my grandchild or grandchildren (as the case may be).' The court further [found] that Melissa Mary Heltzel is a member of the class designated 'my grandchild or grandchildren (as the case may be).' *Central Trust Co. of Northern Ohio, N.A. v. Smith* (1990), 50 Ohio St.3d 133, 553 N.E.2d 265."

Based on the above reasoning, the probate court ordered that the appellee bank make distribution to Melissa Mary Heltzel under the terms of the trust.

The biological grandchildren timely filed their notice of appeal and are now before this court raising the following assignment of error:

"The trial court erred to the prejudice of defendant-appellants Heidi Ann Heltzel and John N. Heltzel IV in its holding that Melissa Mary Heltzel is a member of the class of beneficiaries designated as 'my grandchild or grand-children (as the case may be)' of the Carl J. Heltzel Trust 2."

Appellants further divide this single assignment into three subissues that we will address individually. In the first subissue, appellants argue that the

express language of the will indicates that the testator's intention was to close the class of beneficiaries upon the death of his wife. The provision of the will in question states:

"(B) Upon the death of my wife, TRUST 2 shall continue to be held in trust for the benefit of my son, JOHN, and my grandchild or grandchildren (as the case may be); my Trustee shall have the absolute discretion to pay to my son only out of the income of this trust such sum or sums as will enable my said son to maintain his accustomed standard of living and station of life as in the opinion of my Trustee may be necessary. * * * My trustee shall also have the absolute discretion to pay out of principal and/or income such sum or sums as may be necessary to maintain, support and educate my grandchild or grandchildren as in its discretion may be necessary to accord my said grandchild or grandchildren a proper standard of living and station in life. * * * Upon my grandchild or, if more than one, upon my first grandchild reaching the age of thirty (30) years, my trustee shall pay to said grandchild from the corpus and accumulated income one half of the share of said grandchild. The share of said grandchild shall be the total corpus and fraction of the total accumulated income, taking into consideration the number of grandchildren then living, there be more than one grandchild. The remaining one half of the grandchild's share shall be paid to him upon his reaching the age of forty (40) years. This procedure shall apply to each of my grandchildren, should there be more than one. * * * "

The Ohio Supreme Court had recently ruled on this very issue before the Court in *Central Trust Co. of Northern Ohio, N.A. v. Smith* (1990), 50 Ohio St.3d 133, 553 N.E.2d 265. As in the present case, the testator's son in *Central Trust* adopted a child after the testator's death, but before the first member of the class was entitled to demand distribution of the principal. The trust established in the will did not specifically restrict recipients of the class gift to biological descendants. In *Central Trust,* the first mandatory distribution of the trust was when the oldest child attained the age of twenty-five. Prior to that time, any distributions were discretionary.

Furthermore, the trust provisions in *Central Trust* did not close the class until the oldest child attained the age of twenty-five. The Supreme Court held that the adopted child was adopted prior to the first mandatory disbursement, and, therefore, became part of the vested class members. *Id.* at 140, 553 N.E.2d at 273.

Presently, we are considering a similar issue. All payments from the trust to date have been at the discretion of the trustee. Furthermore, the trust's provisions are not specifically restricted to biological descendants. The eldest grandchild has not attained the age of thirty, at which time the class will

close. Thus, the class was still open when Melissa Mary Heltzel was adopted. As in *Central Trust,* the adopted child is entitled to take under the trust.

Appellants argue that it was the intent of the testator to have closed the trust at a time prior to the adoption in question. We disagree. It is well-settled law in Ohio that "the court's function in construing a will, including its trust provisions, is to determine and apply the testator's intent as expressed in the language of the whole will, and read in [the] light of the applicable law, and circumstances surrounding the will's execution." *Central Trust.*

Moreover, the language of the trust in the case *sub judice* indicates that the testator did not wish the class of his grandchildren to close until the eldest grandchild reached thirty. The trust provision specifically states upon the oldest grandchild attaining the age of thirty, the trustee will determine the eldest grandchild's share " * * * taking into consideration the number of grandchildren *then living* * * *." (Emphasis added.) The provision does not say "at the time of my wife's death," but "then living" at the time the oldest grandchild reaches thirty, which has not yet occurred.

We would also note that in Item VI of his will, Carl J. Heltzel sets forth further provisions of Trust 2. In Paragraph A of Item VI, we find the provisions for the disposition of the income and principal of the trust after his death, and during the life of his wife. In Paragraph B of Item VI, we find the provisions applicable to the disposition of Trust 2 upon the death of his wife. The will clearly states at Item VI(B) that "upon the death of my wife, Trust 2 *shall continue* to be held in trust for the benefit of my son, John, and my grandchild or grandchildren (as the case may be)." (Emphasis added.)

The above language does not include the term "then" when referring to grandchildren. The inclusion of this term would have lent credence to appellants' argument that the class was to be closed at that time. The omission of the term points to the contrary. The language "shall continue" is also indicative that the class is ongoing and open. The clear import of the language is that it was not the testator's intent to close the class at that juncture.

Contrary to appellants' argument in their first subissue, the language of the trust appears to indicate that the testator's intention was not to close the class until the eldest grandchild attained thirty years of age.

As to the second issue, appellants argue that the class of beneficiaries closed when the first member of the class was entitled to demand distribution of the principal from the trust, and that had already occurred. This assertion simply does not comport with the evidence.

■ Until the eldest grandchild reaches thirty, there is no member of the class who can demand distribution from the principal of the trust. Distributions until that time are made at the absolute discretion of the trustee. Similarly, under the Supreme Court's interpretation in *Central Trust*, a class remains open until a member of that class is entitled to demand distribution of the principal. *Id.*, 50 Ohio St.3d at 139, 553 N.E.2d at 272.

■ Appellants also argue that the prior court-ordered distribution in case No. 88 CV 1225 was a mandatory distribution as determined in *Central Trust*. Appellants' argument that the court order was a mandatory distribution which triggers the close of the class is without merit. The court-ordered distribution does not and may not modify the intent of the testator, which was outlined in the first subissue. Appellant's argument would result in the prior court order defeating the testator's intent and impeding the rights of subsequent class members. *Central Trust* does not support such a finding and the prior court order here was not a mandatory distribution as contemplated in that case.

Given the language of the trust and the dictates of the Supreme Court in *Central Trust*, appellants' argument on the second subissue fails.

Finally, the third subissue posits that John N. Heltzel III and Melissa Mary Heltzel are barred by *res judicata* from asserting that Melissa Mary Heltzel is a member of the class of beneficiaries of the Carl J. Heltzel Trust 2. Appellants argue that there was a judgment entry dated January 24, 1989 permitting distribution and that the judgment precludes Melissa Mary Heltzel from taking under the trust in that Melissa Mary was privy to the agreement reached by her now-adoptive father and his biological children.

■ The doctrine of *res judicata* requires privity as a precedent to its invocation. The lack of privity in the within case precludes appellants' use of the doctrine. Generally, for privity to be present, the parties must be the same. Clearly, the parties must be both identified and be the same parties or their privies. At the time of the court's initial order in this case, any future members of the grandchildren class were not identified as they did not yet exist.

Appellants' argument is without merit in that at the time of the January 24, 1989 judgment entry, Melissa Mary Heltzel was not John N. Heltzel III's daughter and had no claim to the trust. Furthermore, her future father could not possibly trade away her interest in the trust anymore than he could trade away his biological children's interest.

When John N. Heltzel III adopted Melissa Mary, she became a vested member of the class, the testator's grandchild. Melissa Mary was not a party and was not privy to the former judgment. She is not therefore barred by *res*

*judicata* from asserting her interest as a member of the class of beneficiaries. As such, the third issue of the assignment of error is without merit.

For reasons as stated, the assignment of error is found not to be well taken and is hereby overruled.

*Judgment affirmed.*

JOSEPH E. MAHONEY, P.J., and NADER, J., concur.

RANDALL L. BASINGER, J., of the Putnam County Court of Common Pleas, sitting by assignment.