### In re TESTAMENTARY TRUST OF HASCH.

[Cite as *In re Testamentary Trust of Hasch* (1999), 131 Ohio App.3d 143.]

Court of Appeals of Ohio,
Third District, Paulding County.

No. 11–98–11.

Decided Feb. 24, 1999.

144

*Hyman & Hyman, David A. Hyman* and *Harvey E. Hyman,* for appellant, John A. Hasch, Sr.

*Michael C. Jones,* for appellee, Testamentary Trustee, Steyer, Huber and Associates, Inc., C.P.A.

THOMAS F. BRYANT, Presiding Judge.

Appellant, John H. Hasch, Sr., appeals the judgment of the Paulding County Court of Common Pleas, Probate Division, which denied his application for a judgment declaring "his right of termination" of a trust relating to 3.776 acres of real estate.

On November 23, 1992, appellant's father, Harold L. Hasch, Sr., died testate. Pursuant to the terms of his testamentary trust, Harold devised his interest in six tracts of real estate to his trustees to "be farmed" and produce income for the benefit of Eva Hasch for her life. The 3.776–acre parcel of real estate at issue here is part of the one-hundred-sixty-acre tract of real estate identified in the trust as Tract 4. The trust provides further that upon Eva's death, Tract 4 "shall be distributed by [Harold's] trustees * * * to John Hasch for life, remainder to the children of John Hasch, equally per stirpes." Appellant's mother, Eva Hasch, was living when this matter was heard.

On August 21, 1978, appellant's parents, Harold and Eva Hasch, obtained by quitclaim deed the real estate identified in the trust. Appellant contends that the 1978 deed is the basis for his mother's separate ownership of an undivided one-half interest in the real estate left in trust by his father.

On August 23, 1997, Eva Hasch, appellant's children and a son-in-law, purported to "grant with general warranty covenants, to John A. Hasch, Sr. * * * a parcel of land * * * containing 3.776 acres of land." That parcel of land is a portion of the area described in Tract 4 of Harold's testamentary trust and a portion of the same area as described in Tract 6 of the 1978 quitclaim deed transferred to Harold and Eva Hasch.

Appellee Duane H. Steyer is successor trustee of Harold's trust. At the April 20, 1998 hearing on appellant's motion for declaratory judgment, the trustee did not contest appellant's purported ownership of the 3.776–acre parcel of real estate. Counsel for the trustee and for the appellant entered several stipulations stating, in part, that "the parties are in agreement * * * with movant's demand for a finding by the Court that the entire interest in that part of Tract 4 herein cited be vested in John A. Hasch, Sr., and that the Court order the same be transferred and recorded." Further, the trustee also agreed that the 3.776 acres of land at issue was "of no income-producing use to the trust nor is it likely to produce income to the trust in the future, and that no other lands are involved in this proceeding, other than the 3.776 acres previously described." The trial court, however, denied appellant's motion for a judgment declaring a portion of the trust terminated. Appellant now takes this appeal.

## I

Each of appellant's assignments of error states a different reason why appellant believes that the trial court erred when it refused to terminate a portion of a trust relating to 3.776 acres of real estate. However, because appellant's third assignment of error is dispositive of this appeal, it will be addressed first.

Appellant's third assignment of error states:

"The trial court erred, as a matter of law, in finding that 'the legal estate held by the trustee precludes a termination by merger.' "

Under the doctrine of merger, a trust need not be continued where all equitable and legal interests in trust realty are held by the same person. *Robbins v. Smith* (1905), 72 Ohio St. 1, 19, 73 N.E. 1051, 1055 ("a trust will not be continued merely for the benefit of the trustee"); see, also, *Hill v. Irons* (1953), 160 Ohio St. 21, 50 O.O. 485, 113 N.E.2d 243. Here, appellant contends that because "the owners of the entire beneficial interest are *sui juris,* and unite[d] in asking for a partial termination of the trust," he should be declared the fee simple owner of that portion of trust realty to which the portion of the trust to be terminated relates.

As noted, the testamentary trust provides that upon the death of Harold's wife, Eva Hasch, who is living, the real estate described in Tract 4 "shall be distributed * * * to John A. Hasch for life, remainder to the children of John A. Hasch, equally per stirpes." Because appellant's mother is still living, appellant possesses no vested interest in the trust realty. The trust affords appellant, at best, an expectancy in a life estate, contingent on his surviving his mother.

Appellant contends, however, that his mother's transfer of her interest in the 3.776–acre parcel of real estate by warranty deed conveyed to him her separate undivided one-half interest in the property *and* her interest in the trust pertaining to the real estate in issue. However, Eva Hasch has no interest in the realty subject to the trust, save her right to receive the income produced therefrom during her life. The trustee holds legal title to the trust realty for the life of Eva and has not transferred that interest to appellant. Therefore, even if Eva Hasch might transfer her interest in the trust income produced by the 3.776 acres of land, which according to testimony at trial is nothing, she cannot transfer the trustee's legal title to the real estate. Appellant may not acquire from Eva in this attempted transfer any ownership interest in the real property greater than the separate undivided one-half interest in the described premises that she acquired by the 1978 quitclaim deed.

Further, appellant has not acquired from his present children the entire remaining ownership interest in the realty. As noted previously, the trust provides that upon Eva Hasch's death the real estate in Tract 4 shall be

distributed "to John Hasch for life, remainder to the children of John Hasch, equally per stirpes." The "per stirpes" language indicates that the settlor intended a class of remaindermen composed of all of appellant's children to have a vested remainder interest in the realty at issue. *Richland Trust Co. v. Becvar* (1975), 44 Ohio St.2d 219, 73 O.O.2d 512, 339 N.E.2d 830. The vested remainder held by each member of the class presently composed of appellant's now living children, however, is subject to divestment *pro tanto* in favor of any of appellant's after-born children. Thus, the purported conveyance by appellant's *present* children is insufficient to convey presently to appellant the *entire* future fee simple interest in the real estate, for the class of remaindermen is subject to remain open as long as appellant lives.

In support of his argument that a portion of trust realty may be removed from a trust, appellant relies on the previously mentioned case of *Robbins v. Smith*, 72 Ohio St. 1, 73 N.E. 1051. In *Robbins*, holders of a life estate created by a testamentary trust argued that they were owners in fee simple of estate property because their children assigned their future interest in such property to the life estate holders. *Id.* However, the court in *Robbins* refused to terminate the trust because the purpose of the trust was not completed. *Id.* Further, *Robbins* recognized:

"[A] court of equity may decree [a trust] terminated * * * if the paramount purposes [of the trust] have all been accomplished and all the parties who are or may be interested in the trust property are in existence, and *sui juris*, and consent to the termination of the trust * * *. *But where the paramount purposes have not all been subserved, or in provisions by will where there are cross-remainders or contingent interests which cannot be determined and adjusted until the happening of certain events, the trust cannot be terminated; nor can it be determined by consent while it is still uncertain who will take under the bequest relating to final distribution."* (Emphasis added.) *Id.* at 19, 73 N.E. at 1055.

Here, appellant's children are parts of a still open class of persons who may take a possessory interest in the realty only after appellant's life estate expires. For instance, even after Eva's death, should the prospective members of this class be appellant's now living children, their vested interest remains open, subject to addition of later-born children of appellant. *Cent. Trust Co. of N. Ohio, N.A. v. Smith* (1990), 50 Ohio St.3d 133, 138, 553 N.E.2d 265, 272. A class remains open until any class member can first demand distribution of the principal. *Id.* at 139, 553 N.E.2d at 272; *Bank One, Youngstown, N.A. v. Heltzel* (1991), 76 Ohio App.3d 524, 530, 602 N.E.2d 412, 415. Because no class member here can demand distribution of the real estate until appellant's death, this class will remain open until appellant's death.

Finally, "the children of John A. Hasch" is a class of beneficiaries that will remain open regardless of appellant's marital status or presently expressed intention to father no additional children. In *Robbins,* the life tenants argued that termination of the trust would not offend the trust's purpose of shielding estate property from husbands of testator's daughters because such purpose expired with the death of the husbands. *Robbins,* 72 Ohio St. 1, 73 N.E. 1051. *Robbins,* noting that the testator did not identify the husbands by name, recognized that "there surely can be no legal presumption" that a "second marriage" is not possible. *Id.* at 16, 73 N.E. at 1054. Here, the testator did not identify appellant's children by name and we cannot presume that appellant will have no more children, "[h]owever improbable that event may appear as a matter of fact." *Id.*

As we have said, where both the legal and equitable estates or interests in realty become vested in the same person, generally there is a merger of the equitable estate into the legal one and the whole estate is held by the legal title.

Here, the trustee, holder of the legal interest in the trust property, has not transferred to appellant any interest in the trust realty. Appellant's present children could not transfer the *entire* future interest of the class to appellant. Appellant's mother had no interest in specific trust real estate to transfer. We do not decide if she could, by the deed in question, transfer to appellant her right to receive income from any portion of trust realty. It is clear, however, that there has been no merger of all the legal and beneficial interests in and to the subject 3.776–acre parcel of land in question.

Accordingly, the trial court did not err when it refused to terminate a portion of this trust based on the doctrine of merger, and appellant's third assignment of error is overruled.

## II

Appellant's remaining assignments of error are related and will be addressed together.

Appellant first assignments of error states:

"1. The trial court erred, as a matter of law, in finding that the trust purposes have not been fully carried out but it is possible to carry out the purposes and accomplish them, and the court will refuse to end the trust, being motivated by a desire to respect the intention of the testator."

Appellant's second assignment of error states:

"2. The trial court erred, as a matter of law, in finding that the beneficiaries of a trust cannot modify the terms of the trust by an agreement or contract."

 Appellant first argues that the court erred as a matter of law because all the evidence at trial indicated that removing the particular 3.776–acre parcel of land from the trust corpus would not compromise the purpose of the trust. However, whether a proposal to transfer trust realty offends a settlor's purpose for setting up a trust is only part of a court's inquiry. *Robbins v. Smith,* 72 Ohio St. 1, 73 N.E. 1051. Appellant's argument in his second assignment of error recognizes that a court may not declare any portion of an active trust terminated until consideration is given to the beneficial interests. *Id.* However, considering that appellant has not acquired all present and future equitable and legal interests in the property he claims, appellant has no standing to assert that a partial failure of trust purpose should vest in him *fee simple ownership* of that trust realty.

 Finally, for the reasons stated earlier, it is immaterial to appellant's acquisition of the entire interest in a portion of trust property whether the present members of an open class of remaindermen desire a portion of the trust realty to be severed from the trust. For these reasons, appellant's first and second assignments of error are overruled.

It is apparent from the record that appellant's mother, his now-living children, and the trustees are amenable to transferring to appellant ownership of the 3.776–acre portion of realty at issue here. The proceeding commenced by appellant herein, however, is inappropriate to accomplish such transfer. We are not called upon to do so and do not decide whether the purpose of the parties may be accomplished by other legal means. See, *e.g.,* R.C. 5303.21, 5303.211, and 1339.66.

*Judgment affirmed.*

HADLEY and SHAW, JJ., concur.