Decision and Journal Entry
{¶ 1} Defendant, Dale Pendergrass, appeals from the judgment of the Lorain County Municipal Court which convicted him of violating the overweight vehicle ordinances of the City of Lorain. We reverse and remand.
{¶ 2} On December 12, 2002, Defendant was charged with gross overload, overloaded tandem axle, and pneumatic tire overload, all in violation of both sections 339.04 and 339.06 of the Codified Ordinances of the City of Lorain ("COL"). After discovery was completed, the matter was submitted to the court. Defendant was found guilty of gross overload, in violation of section 339.04, and operating a vehicle with an overloaded tandem axle, in violation of 339.06. Defendant timely appealed raising three assignments of error which have been rearranged and consolidated to facilitate review. We note that the City of Lorain has failed to file a responsive appellate brief.
 ASSIGNMENT OF ERROR I "The [t]rial [c]ourt erred in finding [Defendant] guilty of violating both [s]ections 339.04 *** and 339.06 *** of the [c]odified [o]rdinances of the City of Lorain arising out of a single traffic stop because those [s]ections had to be read in pari materia such that [s]ection 339.06 *** does not state a separate criminal offense."
 ASSIGNMENT OF ERROR III "The [t]rial [c]ourt erred in finding [Defendant] guilty of violating both [s]ections 339.04 *** and 339.06 *** of the [c]odified [o]rdinances of the City of Lorain arising out of a single traffic stop because, even if these sections are not read in pari materia, their elements correspond to such a degree that they constitute allied offenses of similar import, thus precluding convictions under each pursuant to R.C. 2941.25 ***, [the Fifth Amendment] to the United States Constitution *** and [Article] I *** of the Ohio Constitution[.]"
{¶ 3} In his first and third assignments of error, Defendant avers that he was improperly convicted for violations of both 339.04 and 339.06
of the COL. Defendant argues that the provisions must be read in pari materia, which would thereby warrant only one conviction. Defendant's assertions have merit.
{¶ 4} In the present matter, Defendant was convicted of gross overload, in violation of section 339.04, and overloaded tandem axle, in violation of section 339.06. He was then fined a total of $250.00.
{¶ 5} Section 339.04, entitled "Operation of Vehicle on Highways in Excess of Prescribed Weights Forbidden[,]" creates a general overload offense, whereby the operation of a vehicle upon a public highway in excess of the weight limits prescribed by section 339.06 is prohibited. Section 339.06(B)(2) provides that "[t]he weight of vehicle and load imposed upon the road surface by vehicles with pneumatic tires shall not exceed[,] *** [o]n any tandem axle, thirty-four thousand pounds." Additionally, notwithstanding the number of tandem axles a vehicle may have, "the maximum overall gross weight of vehicle and load imposed upon the road surface shall not exceed eighty thousand pounds." Section339.06(E). Thus, only one overload offense may arise from a single traffic stop pursuant to sections 339.04 and 339.06; one may not receive both a conviction for operating a vehicle with an overloaded tandem axle and also for operating a vehicle in excess of eighty thousand pounds. That is the overload weight restriction.
{¶ 6} Therefore, in order for Defendant to have been penalized for the offense of gross overload, he must have been convicted of operating an overloaded vehicle in violation of 339.04, as section 339.06 does not create an additional offense but merely prescribes the weight limits above which a vehicle cannot be operated upon the public roadways. See339.04 and 339.99(a) and (b) of the COL (stating that "[w]hoever violates the weight provisions of Section 339.04 and 339.06 shall be fined[.]") (Emphasis added.) Accordingly, Defendant was improperly convicted and fined for both the operation of an overloaded vehicle upon a public highway, in violation of section of 339.04, and also the operation of vehicle with an overloaded tandem axle, in violation of section 339.06. See id. Thus, Defendant's first and third assignments of error are sustained.
 ASSIGNMENT OF ERROR II "The [t]rial [c]ourt erred in finding [Defendant] guilty of violating both [s]ections 339.04 *** and 339.06 *** of the [c]odified [o]rdinances of the City of Lorain arising out of a single traffic stop because, even if these sections are not read in pari materia, [s]ection 339.06 *** did not establish a criminal offense or, if it did, the [s]ection is unconstitutionally broad or void for vagueness."
{¶ 7} In his second assignment of error, Defendant asserts that sections 339.04 and 339.06 are unconstitutionally broad and vague. For the reasons stated below, we overrule Defendant's assignment of error.
{¶ 8} Defendant has not provided this Court with a transcript of the proceedings below. Therefore, we are unable to discern whether Defendant raised and argued the constitutionality of these provisions before the trial court. See State v. Jefferson (Mar. 21, 2001), 9th Dist. No. 20156, at 4 (holding that a defendant's failure to raise the constitutionality of a statute at the trial court level waived such issue on appeal). This Court is limited in its review on appeal to the record provided to it by the appellant. App.R. 9 and 12(A)(1)(b). As it is the appellant's duty to establish error on appeal, it follows that it is the appellant's duty to ensure that the record, or necessary portions, are filed with the court in which he or she seeks review. App.R. 9(B); RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19.
{¶ 9} The agreed statement of the evidence, presented by Defendant for purposes of appeal, also does not indicate that the constitutional issue was raised. Defendant only stated that he "contends he cannot, as a matter of law, be found guilty under both ordinances under which he was charged but that, instead, the City had to elect under which of the two ordinances under which he was charged and proceed accordingly." Accordingly, as we are unable to tell whether this issue was properly raised and preserved for appeal, Defendant's second assignment of error is overruled. See State v. Moore, 9th Dist. No. 21182, 2003-Ohio-244, at ¶ 14; Russell v. Akron Housing Appeals Board (Jan. 3, 1996), 9th Dist. No. 17271, at 2; State v. Davis (Oct. 3, 1997), 2nd Dist. No. 96 CA 116. Litigants should not be permitted to reserve an argument for appeal and thereby evade the trial court process. State v. Hiatt (1997),120 Ohio App.3d 247, 256.
{¶ 10} Defendant's first and third assignments of error are sustained. His second assignment of error is overruled. The judgment of the Lorain County Municipal Court is reversed and cause remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.