DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Dale R. Pendergrass, appeals from his conviction and sentence in the Lorain Municipal Court for violating the overweight vehicle ordinance of Appellee, the city of Lorain. We affirm in part, reverse in part, and remand.
 I. {¶ 2} On December 6, 2002, Mr. Pendergrass, a commercial truck driver, was operating a semi-tractor trailer in Lorain, Ohio. A Lorain police officer stopped his truck and weighed it, finding that the gross weight of the truck exceeded 80,000 pounds. The parties stipulate to this finding in an agreed statement of the evidence that the trial court approved and issued pursuant to App.R. 9(D).
 {¶ 3} On December 12, 2002, Mr. Pendergrass was charged with gross overload, in violation of Lorain Codified Ordinance Section339.04, and overloaded tandem axle and pneumatic tire overload, in violation of Lorain Codified Ordinance Section 339.06. Mr. Pendergrass entered a plea of no contest and consented to a finding of guilty with respect to both charges without the presentation of facts on the record, as also noted in the App.R. 9(D) statement.
 {¶ 4} Mr. Pendergrass appealed to this Court from these convictions. On October 22, 2003, this Court reversed Mr. Pendergrass' convictions and remanded the case to the trial court for further proceedings consistent our decision. Lorain v.Pendergrass, 9th Dist. No. 03CA008243, 2003-Ohio-5616. We specifically found, that, reading 339.04 and 339.06 in pari materia, only one overload offense could result from a single traffic stop. This Court specifically noted:
"[I]n order for [Mr. Pendergrass] to have been penalized for the offense of gross overload, he must have been convicted of operating an overloaded vehicle in violation of 339.04, as section 339.06 does not create an additional offense but merely prescribes the weight limits above which a vehicle cannot be operated upon the public roadways." (Internal citations omitted.) Id. at ¶ 6.
 {¶ 5} Upon remand, the trial court issued an entry on December 26, 2003, finding Mr. Pendergrass guilty of violating Lorain Codified Ordinance Section 339.04 and dismissing the charge with respect to Section 339.06. The court ordered Mr. Pendergrass to pay a fine of $125.00 and court costs. This appeal followed.
 {¶ 6} Mr. Pendergrass timely appealed, asserting one assignment of error for review.
 II. Assignment of Error
"The trial court once again committed reversible error by summarily finding the defendant guilty of operating an overloaded truck by failing to comply with this court's mandate and by entering judgment without due process of law and without providing pendergrass with his right of allocution."
 {¶ 7} In his sole assignment of error, Mr. Pendergrass contends that the trial court erred when it found him guilty of operating an overloaded truck, asserting that the court failed to comply with this Court's decision and failed to provide Mr. Pendergrass with his right of allocution. Mr. Pendergrass also maintains that the trial court's guilty finding was in error because the court failed to inform him of this finding and did not provide him with a hearing or trial on the matter.
 {¶ 8} Mr. Pendergrass argues that the trial court should have informed him of the fact that the trial court would be considering his previously entered no contest plea in finding him guilty on the gross overload charge. Mr. Pendergrass maintains that were he informed of this fact, he would have moved to withdraw his no contest plea, because he did not believe that his no contest plea had any "continuing vitality." However, Mr. Pendergrass does not cite any law to buttress his position that a court cannot use a previously entered no contest plea from the same case without notice to the defendant; nor does our research reveal support for such a proposition. An appellant bears the burden of affirmatively demonstrating the error on appeal and substantiating his or her arguments in support. Angle v. W. Res.Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M; Frecskav. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086. See, also, App.R. 16(A)(7) and Loc.R. 7(A)(7). Moreover, "[i]f an argument exists that can support this assignment of error, it is not this [C]ourt's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673. Furthermore, we observe, that, at no point after this Court remanded this case did Mr. Pendergrass file with the trial court a motion requesting a hearing.
 {¶ 9} Additionally, Mr. Pendergrass appears to argue that because this Court's October 22, 2003 decision reversed his prior convictions and remanded the case to the trial court "for proceedings consistent with this opinion," that this Court was ordering the trial court to hold some sort of hearing or trial. It is well established that "`[a] trial court must follow the mandate of the appellate court[.]'" Pingue v. Hyslop, 10th Dist. No. 01AP-1000, 2002-Ohio-2879, at ¶ 22, quoting Oliver v.Empire Equip. Co. (1985), 8th Dist. No. 48686; Nolan v. Nolan
(1984), 11 Ohio St.3d 1, 3-4.
 {¶ 10} When this Court, as is its customary practice, remands a case for further proceedings, this does not necessarily mean that we order some sort of hearing to be held upon remand. Rather, this language simply designates that the case is to return to the trial court to "take further action in accordance with applicable law." Chapman v. Ohio State Dental Bd. (1986),33 Ohio App.3d 324, 328. See State v. Chinn (Aug. 21, 1998), 2nd Dist. No. 16764 (Grady, J., concurring and dissenting) (stating that "[w]hen a court of appeals reverses for error and remands for further proceedings, `the court of appeals may or may not specify the nature of the further proceedings, and should not do so if the trial court has discretion as to the nature of the further proceedings'"), quoting Whiteside, Ohio Appellate Practice (1998), Author's Note to App.R. 12(D). Therefore, Mr. Pendergrass' contention, that the trial court did not conduct proceedings consistent with this Court's October 22, 2003 decision, is baseless and is without merit.
 {¶ 11} Finally, Mr. Pendergrass argues that he was denied his right of allocution. Crim.R. 32(A)(1) states that at the time it imposes a sentence, the court must "[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." The right of allocution is absolute.State v. Green (2000), 90 Ohio St.3d 352, 358. Furthermore, the right of allocution cannot be waived. State v. Campbell (2000),90 Ohio St.3d 320, 324.
 {¶ 12} In this case, the trial court issued a written entry without first offering Mr. Pendergrass' counsel an opportunity to speak on his behalf and without first addressing Mr. Pendergrass to see if he wished to address the court on his own behalf. See, e.g., State v. Gamble, 9th Dist. No. 3243-M, 2002-Ohio-3185, at ¶ 18. This Court finds that the trial court erred in this respect. Therefore, we sustain Mr. Pendergrass' sole assignment of error solely on this basis. Furthermore, we vacate Mr. Pendergrass' fine and remand the case to the trial court for further proceedings consistent with this decision.
 {¶ 13} Mr. Pendergrass' sole assignment of error is sustained in part, and overruled in part.
 III. {¶ 14} Mr. Pendergrass' sole assignment of error is sustained in part, and overruled in part. Mr. Pendergrass' conviction in the Lorain Municipal Court is affirmed. The sentence in the Lorain Municipal Court is reversed, and the cause is remanded for further proceedings consistent with this decision.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
Whitmore, P.J., Boyle, J., Concur.