DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, David Hassel, appeals from his convictions in the Lorain Municipal Court. This Court reverses.
 I. {¶ 2} On December 9, 2004, Appellant was driving a tri-axle dump truck. He was pulled over by a Lorain police officer because his mudflaps were too short. Appellant then produced a weight slip which indicated that his truck exceeded the gross weight limit for traveling on the road in question. Accordingly, the officer directed Appellant's truck to an area where it could be weighed. Following the weight measurement, it was determined that the truck exceeded the gross weight limit set forth in Lorain City Ordinances ("L.C.O.") 339.04 and 339.06.
 {¶ 3} As a result of the weight measurement, Appellant was charged with two violations of L.C.O. 339.04. Appellant was charged with two offenses because his truck not only exceeded the gross weight limits, but also the weight on a group of axles exceeded the tandem axle limit set forth in L.C.O. 339.06. Appellant asserted that he could not be convicted of both offenses because they are allied offenses of similar import. The trial court disagreed and thereafter Appellant entered no contest pleas to both charges and was fined for both offenses. Appellant timely appealed, raising one assignment of error for review.
 II.
"THE TWO OVERWEIGHT OFFENSES ARE ALLIED OFFENSES OF SIMILAR IMPORT. ACCORDINGLY, THE TRIAL COURT ERRED IN CONVICTING [APPELLANT] OF BOTH CHARGES."
 {¶ 4} In his sole assignment of error, Appellant contends that the trial court erred in convicting him of two separate overweight offenses stemming from one traffic stop. This Court agrees.
 {¶ 5} R.C. 2941.25 provides as follows:
"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
Further,
"[i]n applying this statute, courts have used a two-step analysis. The first step requires a comparison of the elements of the offenses in the abstract. Allied offenses of similar import are those offenses that correspond to such a degree that the commission of one offense will result in the commission of the other. State v. Rance (1999), 85 Ohio St.3d 632, 638-639 * * *;State v. Mitchell (1983), 6 Ohio St.3d 416[.]
"If the court finds that the offenses are allied offenses of similar import, it must proceed to the second step of the analysis, which involves a review of the defendant's conduct to determine whether the offenses were committed separately or with a separate animus as to each. Mitchell, [6 Ohio St.3d at 418];State v. Gregory (1993), 90 Ohio App.3d 124, 128-129[.]" Statev. Murray, 156 Ohio App.3d 219, 2004-Ohio-654, at ¶ 17-18.
Pursuant to Rance, this Court finds that Appellant's convictions for both a tandem axle overload and a gross weight overload were improper.
 {¶ 6} This Court has previously held as follows:
"Section 339.04, entitled `Operation of Vehicle on Highways in Excess of Prescribed Weights Forbidden[,]' creates a general overload offense, whereby the operation of a vehicle upon a public highway in excess of the weight limits prescribed by section 339.06 is prohibited. Section 339.06(B)(2) provides that `[t]he weight of vehicle and load imposed upon the road surface by vehicles with pneumatic tires shall not exceed[,] * * * [o]n any tandem axle, thirty-four thousand pounds.' Additionally, notwithstanding the number of tandem axles a vehicle may have, `the maximum overall gross weight of vehicle and load imposed upon the road surface shall not exceed eighty thousand pounds.' Section 339.06(E). Thus, only one overload offense may arisefrom a single traffic stop pursuant to sections 339.04 and339.06; one may not receive both a conviction for operating avehicle with an overloaded tandem axle and also for operating avehicle in excess of eighty thousand pounds. That is the overload weight restriction." (Emphasis added.) Lorain v.Pendergrass, 9th Dist. No. 03CA008243, 2003-Ohio-5616, at ¶ 5.
Appellee, however, urges that Pendergrass is not controlling. Specifically, Appellee asserts, "[i]n Pendergrass, there was no in depth discussion of the two weight restrictions being allied offenses of similar import." We find that Appellee's assertion lacks merit.
 {¶ 7} In Pendergrass, this Court determined that L.C.O. Section 339.06 does not create any additional offenses. Id. at ¶ 6. Rather, it "merely prescribes the weight limits above which a vehicle cannot be operated upon the public roadways." Id. Accordingly, pursuant to this Court's analysis, Appellant was convicted of two counts of the same offense, violations of L.C.O. 339.04, arising from the same traffic stop. That is, a tandem axle overload and a gross overload are not separate offenses. Both are violations of L.C.O. 339.04. Under Pendergrass, such offenses are allied offenses of similar import. Pendergrass at ¶ 5-6. As both violations arise under the same section of the Lorain City Ordinances, their elements are identical. The trial court, therefore, erred in convicting Appellant for both offenses. Appellant's assignment of error is sustained.
 III. {¶ 8} Appellant's sole assignment of error is sustained. The judgment of the Lorain Municipal Court is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Slaby, P.J. Carr, J. concur.