Judgment reversed<br/>and cause remanded.

WOLFF and DONOVAN, JJ., concur.

## In re SMELLER.

[Cite as *In re Smeller,* 167 Ohio App.3d 444, 2006-Ohio-3112.]

Court of Appeals of Ohio,<br/>
Ninth District, Wayne County.

No. 05CA0080.

Decided June 21, 2006.

Matthew J. Roda, for appellant, Thomas Miller.

Jeffrey D. Musselman, for appellees, David and Dusty Smeller.

CARR, Presiding Judge.

{¶ 1} Appellant, Thomas Miller, appeals the judgment of the Wayne County Court of Common Pleas, Probate Division, which approved the application by the administrator of the estate of Barbara Smeller to complete a contract to sell real estate. This court reverses.

I

{¶ 2} Louis Smeller and Barbara Smeller, husband and wife, were the owners of an 80–acre parcel of land. Each owned an undivided one-half interest in the property. Louis Smeller died testate on June 20, 1971. He was survived by Barbara Smeller and their six children, Leslie Smeller, Judy Davisson, Robert Smeller, Thomas Miller, Kathryn Smeller, and Steven Smeller. Kathryn and Steven Smeller were still minors at the time of their father's death. In his will, Louis Smeller devised one-third of his interest in the 80–acre parcel to Barbara Smeller. He directed that his remaining two-thirds interest in the land be placed in trust for the education of his two minor children, Katy and Steve. Louis Smeller's daughter Judy Davisson was named as trustee. When the youngest child reached the age of 21, the trustee was to distribute any portion of the trust assets, i.e., the land, which remained unconsumed to all six of Louis Smeller's children, share and share alike.

{¶ 3} On March 4, 1974, Thomas Miller, his wife, and Kathryn Smeller executed a quit-claim deed, thereby releasing all rights and title as they "have or ought to have" in the 80–acre parcel of land. On March 14, 1974, Leslie Smeller,

his wife, Judy Davisson, her husband, and Robert Smeller executed a quit-claim deed, thereby releasing all rights and title as they "have or ought to have" in the 80–acre parcel of land. Both quit-claim deeds were recorded on April 2, 1974. Steven Smeller never transferred any interest he has or may have in the property.

{¶ 4} On April 10, 1976, Steven Smeller attained the age of 21. Judy Davisson, as trustee of the two-thirds of Louis Smeller's undivided one-half interest in the 80–acre parcel of land, never distributed any unconsumed portion of the trust assets to anyone. Accordingly, a portion of the 80–acre parcel remains titled in the trust.

{¶ 5} On October 16, 2004, Barbara Smeller executed a document, which stated in its entirety: "10–16–04 Barbara Smeller has agreed to sell 80 acres to Dave & Dusty Smeller for the Price of $80,000. /s/ Barbara Smeller." On January 7, 2005, Barbara Smeller executed a warranty deed, by which she purported to convey the entire 80–acre parcel of land to David and Dusty Smeller, her grandson and his wife. That deed has never been recorded. On January 7, 2005, Farm Credit Services issued a check in the amount of $80,430 to Chicago Title Agency, Ltd., for David J. and Dusty R. Smeller. The same day, Chicago Title Agency issued a settlement statement regarding the 80–acre parcel of land and naming Farm Credit Services as lender, Barbara Smeller as seller, and David and Dusty Smeller as borrowers. On January 7, 2005, Barbara Smeller also signed an acknowledgement of her receipt of gross proceeds in the amount of $80,000 from a real estate transaction regarding the 80–acre parcel of land. Barbara Smeller died intestate on January 12, 2005.

{¶ 6} On May 6, 2005, Leslie Smeller filed an application for authority to administer Barbara Smeller's estate. The Wayne County Probate Court filed an entry appointing Leslie Smeller as fiduciary and administrator of the estate the same day.

{¶ 7} On June 14, 2005, Leslie Smeller filed an application to complete the contract to sell real estate, asserting that Barbara Smeller, prior to her death, entered into a written contract to sell the 80–acre parcel of land to David and Dusty Smeller. Appellees, David and Dusty Smeller, also signed the application. Appellant filed a memorandum in opposition to the sale, alleging the absence of a valid contract between Barbara Smeller and David and Dusty Smeller for the sale of land and that the proposed sale was not in the best interest of the estate of Barbara Smeller. Appellant later filed a supplement to his memorandum in opposition to the sale of real estate, arguing that the 1974 quit-claim deeds executed by five of Louis Smeller's six children conveyed nothing to Barbara Smeller, because the five children had only a mere possibility and no present interest in the land to convey. Accordingly, appellant argued that the trial court

must deny the administrator's application to complete the real estate contract on the basis of mutual mistake, because Barbara Smeller did not own a 100 percent interest in the 80–acre parcel of land.

{¶ 8} On August 24, 2005, appellees filed a memorandum supporting the sale of real estate. Appellees conceded that the youngest child, Steven Smeller, never attempted to convey any interest he had in the property. Accordingly, even if the 1974 quit-claim deeds conveyed the interests of the five Smeller/Miller children, Barbara Smeller still could not have owned the entire 80–acre parcel of land. Appellees argued that the multiple writings of Barbara Smeller and David and Dusty Smeller regarding the sale of the 80 acres satisfied the Statute of Frauds, that there was adequate consideration to support the contract, and that the deed could be reformed to reflect a transfer of Barbara Smeller's interest minus Steven Smeller's remaining interest.

{¶ 9} On November 1, 2005, the trial court issued a judgment entry in which it found that a valid contract for the sale of real estate existed between Barbara Smeller and David and Dusty Smeller. Accordingly, the trial court ordered that Leslie Smeller, the administrator of the estate, complete the contract for the sale of the real estate. Appellant timely appeals, setting forth three assignments of error for review. This court addresses appellant's first assignment of error, as it is dispositive of this appeal.

## II

### ASSIGNMENT OF ERROR I

The trial court erred in granting the application to complete contract to sell real estate for the reason that the property owner did not hold full legal title to the subject property.

{¶ 10} Appellant argues that the trial court erred in ordering that the administrator of Barbara Smeller's estate complete the contract for the sale of 80 acres of land from Barbara Smeller to David and Dusty Smeller, because Barbara Smeller did not own the entire 80–acre parcel of land that she attempted to convey. This court agrees.

{¶ 11} Appellant and appellees have made Herculean efforts to brief the effect of the 1974 quit-claim deeds on the status of the title to the one-third undivided interest in the entire 80–acre parcel of land. Notwithstanding such efforts, neither party has definitively demonstrated whether one may convey a future contingent remainder interest in property placed in trust prior to the happening of the contingency that obligates the trustee to distribute any remaining real property. Under the particular circumstances of this case, however, this court need not determine that issue. Irrespective of whether the quit-claim deeds

properly divested appellant and four of his siblings of their interest in a portion of the real estate, it is undisputed that the youngest sibling, Steven Smeller, never took any action to convey his undivided interest in one-third of the 80–acre parcel. Accordingly, Barbara Smeller did not hold full legal title to the 80–acre parcel of land in dispute in this matter.

{¶ 12} Appellees cite *Hayes v. Skidmore* (1875), 27 Ohio St. 331, for the proposition that only the vendees (here, David and Dusty Smeller) have the authority to request rescission of a contract for the sale of land where title fails to a material portion of the amount conveyed. The *Hayes* court held:

"It is well settled that property being sold as an entire thing, if title to a material portion fails, this is such a failure of consideration as entitles the purchaser to an election. He may rescind the sale, or he may complete it, upon abatement of price or other terms satisfactory to both parties."

Id. at 334. In later analysis in the case regarding whether the transfer of title by fewer than all the owners of a 640–acre parcel of land had been ratified, the *Hayes* court found that ratification 15 years later was not possible where the contract "has been practically abandoned and rescinded by almost every one interested in it." Id. at 337.

{¶ 13} This court concedes that appellant is not a party to the purported contract for the sale of the 80 acres from Barbara Smeller to her grandson and his wife. However, there is no question that appellant, as an heir to Barbara Smeller's estate, has an interest in the disposition of the assets in Barbara Smeller's estate. Whether or not the 1974 quit-claim deeds were effective to transfer appellant's interest in the one-third of the 80 acres placed in trust, the trustee never conveyed any trust assets to anyone. Certainly, the five adult Smeller/Miller children had no authority to transfer the trustee's legal title to the real estate to anyone. See *In re Testamentary Trust of Hasch* (1999), 131 Ohio App.3d 143, 146, 721 N.E.2d 1111. Accordingly, this court finds that as an interested party to the contract, appellant has the right to contest the sale of estate assets.

{¶ 14} In this case, even assuming arguendo that the five adult Smeller/Miller children conveyed any interest they had in the real estate by quit-claim deeds, the parties do not agree as to the portion retained in trust for Steven Smeller. Appellant asserts that Steven retains a 1/15 interest in the 80 acres, because his sister Kathryn Smeller died prior to any distribution of the real property assets by the trustee. Appellees, on the other hand, assert that Steven retains a 1/18 interest in the 80 acres. Accordingly, the trust retains title for the benefit of Steven Smeller in an amount of land consisting of between 4.48 and 5.35 acres of the 80–acre parcel. Significantly, that acreage remains as an

undivided interest in the real estate. Under those circumstances, this court cannot say that such acreage that cannot be delineated with specificity is not a material amount.

{¶ 15} This court further finds it significant that the trial court found that Steven Smeller never relinquished any interest he had in a portion of the real estate. Nevertheless, the trial court further found that "there is no evidence before the Court that Barbara Smeller was unaware of any material fact that would have changed her decision" to sell her farm to David and Dusty Smeller for the sum of $80,000. On the contrary, there was no evidence before the trial court that Barbara Smeller was not aware that her late husband's testamentary trust retained an undivided part interest in the land for the benefit of her youngest son, Steven. Accordingly, this court finds that the trial court erred when it considered only whether the essential elements of a contract for the sale of land between Barbara Smeller and David and Dusty Smeller existed, when it disregarded the substantive propriety of the contract's terms, and when it granted authority to the estate's administrator to complete any additional transactions to complete the sale of the 80–acre parcel of land. Appellant's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

The trial court erred in finding that a valid contract exists between Barbara Smeller, deceased, and David Smeller and Dusty Smeller for the sale of real estate.

## ASSIGNMENT OF ERROR III

Assuming, arguendo, that a valid contract exists, the court erred in holding that the contract was enforceable due to the existence of: 1) impossibility and mutual mistake as to a material part of the contract; and 2) allegations of undue influence that have not been fairly adjudicated due to reliance on hearsay.

{¶ 16} Because this court's determination of appellant's first assignment of error is dispositive of the appeal, this court declines to address appellant's second and third assignments of error.

## III

{¶ 17} Appellant's first assignment of error is sustained. This court declines to address appellant's second and third assignments of error. The judgment of the

Wayne County Court of Common Pleas, Probate Division, is reversed and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed
and cause remanded.

MOORE and BOYLE, JJ., concur.