DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants David and Dusty Smeller have appealed from the judgment of the Wayne County Court of Common Pleas, Probate Division, which denied their motion to reform the warranty deed executed by the decedent, Barbara Smeller. This Court reverses.
 I {¶ 2} The pertinent facts of this matter were summarized succinctly by this Court on a prior appeal, In re Smeller, 167 Ohio App.3d 444,2006-Ohio-3112 *Page 2 
("Smeller I "). For the sake of clarity, this Court will only address the facts that are relevant to the instant appeal.
 {¶ 3} Louis Smeller and Barbara Smeller each owned an undivided one-half interest in an 80-acre parcel of land (the "Property"). Louis, who died in 1971, devised one-third of his interest in the Property to Barbara and directed that his remaining two-thirds interest in the land be placed in trust for the education of his two minor children, Katy and Steven. According to the trust terms, when Steven reached age 21, the trustee was to distribute the unused trust assets equally to the remaining children.
 {¶ 4} In 1974, all of the children, with the exception of Steven, executed quit claim deeds releasing any interests, present or future, in the Property. Steven attained age 21 in 1976. However, the trustee failed to distribute the trust assets to the children and accordingly, a portion of the Property remained in trust.
 {¶ 5} Barbara executed a contract and warranty deed by which she purported to convey the Property in its entirety to David and Dusty Smeller. Barbara died intestate on January 12, 2005. In June 2005, the Estate filed an application to complete the contract to sell the Property to David and Dusty. One of the Smeller children, Thomas Miller, opposed the application, contending that no valid contract existed and that the 1974 quit claim deeds were ineffective because the children did not have a present interest in the Property. David and Dusty conceded that Barbara could not have owned the Property in its entirety and *Page 3 
argued that all of the requisite elements of a contract existed and that the deed could be reformed to reflect a transfer of Barbara's actual interest. The trial court agreed with David and Dusty, found a valid contract and ordered the Estate to complete the sale. Thomas appealed.
 {¶ 6} On June 21, 2006, this Court sustained Thomas' first assignment of error: that the trial court had erred in granting the application when the property owner did not own the entire subject property. Accordingly, we reversed and remanded the trial court's decision because the trial court failed to consider the "substantive propriety of the contract's terms." This Court declined to address Mr. Miller's remaining assignments of error as moot.[1]
 {¶ 7} On remand, David and Dusty filed a motion to reform the warranty deed to reflect Barbara's true ownership in the Property. Thomas opposed the motion, contending that this Court had declared the contract failed and was unenforceable and thus, the doctrine of law of the case should preclude reformation. On December 7, 2006, the trial court denied Appellants' motion to reform the deed. Specifically, the trial court found that the contract for sale failed *Page 4 
primarily due to the uncertainty surrounding the acreage[2] of Steven Smeller's interest and the uncertainty surrounding the effect of the 1974 quitclaim deeds. Further, the court held that reformation was impossible "due to the mutual mistake as to a substantial and material part of the 80 acre parcel."
 {¶ 8} Appellants have timely appealed asserting six assignments of error. For ease of consideration, Appellants' first, second, and third assignments of error have been consolidated.
 II Assignment of Error Number One "THE TRIAL COURT ERRED IN FAILING TO DETERMINE THE AMOUNT OF STEVEN SMELLER'S OUTSTANDING UNDIVIDED INTEREST"
 Assignment of Error Number Two "THE TRIAL COURT ERRED IN FAILING TO DETERMINE WHETHER OR NOT A FUTURE CONTINGENT REMAINDER INTEREST IN PROPERTY IS ALIENABLE."
 Assignment of Error Number Three "THE TRIAL COURT ERRED IN FINDING THAT THE VENDEE OF AN INSUFFICIENT ESTATE IN REAL PROPERTY CANNOT COMPEL SPECIFIC PERFORMANCE DESPITE A HOLDING THAT A LEGAL AND BINDING CONTRACT EXISTS." *Page 5 
 {¶ 9} In their first three assignments of error, David and Dusty have argued that the trial court erred in not determining each party's undivided interest and in holding that the remedy of specific performance was unavailable. Specifically, David and Dusty have contended that this Court's mandate required the trial court to make these findings in order to bring resolution to the parties' dispute. This Court agrees.
 {¶ 10} This Court's mandate in Smeller I is of central importance to the case sub judice. In Smeller I, this Court held that:
 "[T]he trial court erred when it considered only whether the essential elements of a contract for the sale of land between Barbara Smeller and David and Dusty Smeller existed, when it disregarded the substantive propriety of the contract's terms, and when it granted authority to the estate's administrator to complete any additional transactions to complete the sale of the [Property]. Appellant's first assignment of error is sustained." Id. at ¶ 15.
 {¶ 11} Thomas has argued that the above holding effectively deemed the contract to have failed and has become law of the case. Therefore, Thomas has argued, because the contract failed, the law of the case made it unnecessary for the trial court to determine the exact extent of Steven's interest. Thomas has also argued that under the law of the case, a holding that the contract failed also barred the remedies of reformation and specific performance. Thomas has misunderstood our holding in Smeller I.
 {¶ 12} This Court's holding did not include a finding that the contract failed. In fact, just the opposite is true. In his second assignment of error, Thomas *Page 6 
specifically asked this Court to determine the validity of the contract. However, we declined to address that issue precisely because we had already determined that the application was improvidently granted based on the trial court's failure to consider the subject matter of the contract, i.e., that Barbara did not own the entire 80 acres. SeeSmeller I at ¶ 16.
 {¶ 13} Thomas has also argued that this Court's decision to not review his second and third assignments of error due to its resolution of the first assignment of error as "dispositive of the appeal" establishes that this Court definitively held the contract to have failed. Again, Thomas has created a sweeping mandate where this Court intended a very narrow one.
 {¶ 14} This Court's holding in Smeller I was that the trial court erred in approving the application for sale of land prematurely, without considering both the essential elements of a contract and the propriety of the subject matter of the contract. Id. at ¶ 15. Our holding mandated that the trial court consider the subject matter of the contract; that is, the trial court needed to determine the undivided interests in the Property in order to determine "the substantive propriety of the contract's terms." Id.
 {¶ 15} It is clear that this Court's use of the phrase "dispositive of the appeal" was limited solely to the issue on appeal in Smeller I, to wit, whether the trial court had erred in granting the application. This Court sustained Thomas' first assignment of error and resolved that issue. However, this Court did so not *Page 7 
because the contract failed, but because the trial court prematurely granted the application without first considering both the essential elements of a contract and the propriety of the subject matter.
 {¶ 16} It is well established that "`[a] trial court must follow the mandate of the appellate court.'" Lorain v. Pendergrass, 9th Dist. No. 04CA008437, 2004-Ohio-5688, at ¶ 9, quoting Pingue v. Hyslop, 10th Dist. NO. 01AP-1000, 2002-Ohio-2879, ¶ 22. On remand, it superficially appears that the trial court considered the subject matter. However, the trial court failed to make any precise determination concerning the undivided ownership interests, instead holding the contract for sale failed entirely. In so holding, the trial court reasoned that "there is no doubt Steven Smeller holds title to either 4.48 acres or 5.35 acres of the 80 acre parcel." (Emphasis added). The court also stated, rather amorphously, that based on the "size of this acreage, the dispute and uncertainty as to how much acreage Steven Smeller has title to and the uncertainty as to the effect of the quit claim deeds in 1974" the contract for sale failed and the warranty deed could not be reformed.
 {¶ 17} This reasoning suffers from a fatal flaw: the two substantive questions the trial court was required to consider remain undecided. Effectively, the trial court abdicated its role as fact finder and arbiter of disputes because of the existence of a "dispute and uncertainty." A trial court cannot fail to make determinations and then base its conclusions of law on the very uncertainty and *Page 8 
dispute which brought the matter before it. Such a result is irreconcilable with the duty of the trial court to resolve matters of fact and law.
 {¶ 18} On the record in this case, David and Dusty have an arguable claim for specific performance. As stated in Ohio Jurisprudence, Third Edition, Specific Performance:
 "Although performance cannot be decreed where it is impossible, the rule is well settled that where a vendor's estate is less than or different from that which he or she agreed to sell or where the vendor cannot give the exact subject matter embraced in the contract, a vendee who brings an action for specific performance may waive performance by the vendor in accordance with the contract terms and have the agreement enforced to the extent that the grantor is able to transfer title in compliance with the agreement of sale. The vendor is estopped from asserting his or her inability to perform, since it is the vendee's option to say whether the agreement is to be enforced to the extent that it can be enforced. Thus, a vendee may have specific performance where the vendor is not able to convey the quantity of land contracted for or is unable to convey such title as he or she had contracted to convey." OHJUR SPECIFIC § 59. See generally, Spengler v. Sonnenberg (1913), 88 Ohio St. 192; Hull v. Bell (1896), 54 Ohio St. 228.
However, though David and Dusty are entitled to "have the agreement enforced to the extent that the [Estate] is able to transfer title in compliance with the agreement of sale[,]" it is impossible to do so without a determination by the trial court of the percentage undivided interest held by the parties.
 {¶ 19} Further, if this Court were to affirm the trial court's abstention it would serve to create an 80 acre parcel of unalienable land — a result which contravenes public policy. See Durbin v.Durbin (1957), 106 Ohio App. 155, 159 (stating "[t]he right of alienation is one of the essential incidents of a right of *Page 9 
general property in movables, and restraints upon alienation have been generally regarded as obnoxious to public policy[.]" If neither the Estate nor Steven Smeller know what their respective undivided interests are in the land, it is impossible for either party to sell or transfer their interest, thus restricting the alienability of the land. A better and more equitable result would be for the trial court to answer the substantive questions raised in this matter, determine each party's undivided ownership interest and allow specific performance of that which the Estate can legally transfer.
 {¶ 20} In denying David and Dusty's motion to reform the deed, the trial court held that the contract failed due to a mutual mistake as to a substantial and material part of the Property. Even if this statement of the law is correct, an issue this Court declines to reach, we note it is impossible for the trial court to determine whether the mistake was substantial and material without first determining the undivided ownership interests. Any such decision is premature.
 {¶ 21} Thomas contends that the administrator should sell the property for best value and distribute the proceeds to the statutory heirs. This proposition is impossible given the trial court's holding. Clearly, the administrator cannot sell the property without first determining Steven's undivided interest and thereby conclusively determining the Estate's undivided interest.
 {¶ 22} Ultimately in this case, the trial court has deemed the contract between Barbara and David and Dusty to have failed based on uncertainties *Page 10 
surrounding "who owns what." Uncertainties which, by its very nature as a court of law, it is in the best position to determine, and in fact must determine for any future sale or transfer of the property or the parties interests to be consummated.
 {¶ 23} Accordingly, David and Dusty's first three assignments of error have merit.
 Assignment of Error Number Four "THE TRIAL COURT ERRED IN FINDING THAT STEVEN SMELLER'S UNDIVIDED OWNERSHIP EQUATES TO AN UNASCERTAINABLE GEOGRAPHIC PARCEL OF LAND."
 Assignment of Error Number Five "THE TRIAL COURT ERRED IN DENYING THE VENDEE HIS FUNDAMENTAL AND CONSTITUTIONAL PROPERTY RIGHTS TO THAT PROPERTY FOR WHICH HE HAS DELIVERED PAYMENT."
 Assignment of Error Number Six "THE TRIAL COURT ERRED IN ITS MISAPPLICATION OF THIS COURT'S PRIOR HOLDING THAT `THIS COURT CANNOT SAY THAT SUCH ACREAGE WHICH CANNOT BE DELINEATED WITH SPECIFICITY IS NOT A MATERIAL AMOUNT.'"
 {¶ 24} This Court need not address assignments of error that have been made moot by a ruling on another assignment of error. App.R. 12(A)(1)(c). Based upon our resolution of David and Dusty's first three assignments of error, this Court declines to address the remaining assignments of error as they are moot. See State v. McCarley, 9th Dist. No. 22562, 2006-Ohio-1 176, at ¶ 20. *Page 11 
 III {¶ 25} David and Dusty's first, second, and third assignments of error are sustained. David and Dusty's fourth, fifth, and sixth assignments of error are moot and this Court declines to address them. The judgment of the Wayne County Court of Common Pleas, Probate Division is reversed and the cause remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 12 
Costs taxed to Appellee.
MOORE, J. DICKINSON, J. CONCUR
[1] Thomas' second and third assignments of error claimed that no valid contract existed and that if one did, it was unenforceable due to impossibility and mutual mistake as to a material part of the contract as well as due to undue influence.
[2] While the trial court has couched this dispute in terms of acreage, this Court notes that the primary disagreement concerns the parties' undivided percentage interest in the property, not actual acreage. *Page 1