RICHLAND TRUST CO., EXR., ET AL., APPELLANTS, *v.* BECVAR ET AL. ; DOWD, APPELLEE.

(No. 74-982—Decided December 31, 1975.)

220

*Mr. Robert H. Benzin,* for appellant Richland Trust Co., Exr.

*Messrs. Knell & Freehafer* and *Mr. A. Douglas Freehafer,* for appellants Frederick Hummel and others.

*Mr. Loyal F. Luikart, Jr.,* for appellee.

O'NEILL, C. J. In the instant cause this court is called upon to review the construction placed upon the sentence "[o]ne-seventh (1/7th) to Louise Hummel, per stirpes" in the residuary clause of the will of M. Elizabeth Hummel by the Court of Appeals.

The function of the court in a will construction case is to determine and apply the testatrix's intention, as expressed in the language of the whole will, read in the light of the circumstances surrounding its execution. *Casey* v. *Gallagher* (1967), 11 Ohio St. 2d 42, 46, 227 N. E. 2d 801.

The Court of Appeals found, and this court agrees, that M. Elizabeth Hummel's will reveals an intention to provide for a secondary gift to the heirs of Louise Hummel in the event that Louise does not survive the testatrix.

The dispositive provisions of the testatrix's will provide:

"ITEM II.

"I give and bequeath my mink fur coat to my niece, Mayme Weber, of Euclid, Ohio. If said Mayme Weber should predecease me, this gift shall lapse.

"ITEM III.

"I give and bequeath my earrings and my silverware with the initial 'H' engraved thereon to Louise Hummel. If said Louise Hummel should predecease me, this gift shall lapse.

"ITEM IV.

"I give and bequeath my Havaline China to Mabel Darr, of Brewster, Ohio. If said Mabel Darr should predecease me, this gift shall lapse.

"ITEM V.

"I give and bequeath my sunburst brooch with a diamond in it to Edna Maurer, of Euclid, Ohio. If said Edna Maurer should predecease me, this gift shall lapse.

"ITEM VI.

"I give and bequeath to the Trinity United Church of Christ, Loudonville, Ohio, the sum of One Thousand Five Hundred and no/100 ($1500.00) Dollars.

"ITEM VII.

"I give and bequeath to Mary Hachten and Albert Hachten of 12 Swanger Street, Mansfield, Ohio, the sum of Five Hundred and no/100 ($500.00) Dollars. Should either predecease me, said sum shall go to the survivor of them. Should both individuals both predecease me, this gift shall lapse and become a part of my residuary estate.

"ITEM VIII.

"I give and bequeath to Florence Woodruff and John Woodruff, of R. D. 5, Mansfield, Ohio, the sum of Five Hundred and no/100 ($500.00) Dollars. Should either of them predecease me, said sum shall then go to the survivor of them. Should both individuals both predecease me, this gift shall lapse and become a part of my residuary estate.

"ITEM IX.

"I give and bequeath to Mabel Darr and Harry Darr, of Brewster, Ohio, the sum of Five Hundred and no/100 ($500.00) Dollars. Should either predecease me, said sum shall go to the survivor of them. Should both individuals both predecease me, this gift shall lapse and become a part of my residuary estate.

"ITEM X.

"I give and bequeath to Charles Troescher and Helen Troescher, of Cleveland Heights, Ohio, the sum of Five Hundred and no/100 ($500.00) Dollars. Should either predecease me, said sum shall go to the survivor of them. Should both indivduals both predecease me, this gift shall lapse and become a part of my residuary estate.

"ITEM XI.

"I give and bequeath to Edna Maurer, of Euclid, Ohio, the sum of Two Hundred and no/100 ($200.00) Dollars. Should Edna Maurer predecease me, this gift shall lapse and become a part of my residuary estate.

"ITEM XII.

"I give and bequeath to Louise Hummel the right to live in my real estate at 16 Swanger Street, Mansfield, Ohio, if she so desires until by estate is settled or said real estate is sold. If she so remains in said property she is to receive the sum of Thirty-five and no/100 ($35.00) Dollars per week for the general care and supervision of the premises, she to pay the utilities exclusive of water and sewer charges.

"ITEM XIII.

"All the rest, residue and remainder of my property, both real and personal, wherever situated, which I may own or which I have the right to dispose of by power of

appointment or otherwise at the time of my death, I give, devise and bequeath as follows:

"One-seventh (1/7) to Olive B. Becvar, of Euclid, Ohio, per stirpes.

"One-seventh (1/7) to Mayme Weber, of Euclid, Ohio, if living. If said Mayme Weber predeceases me, her one-seventh shall then go to the issue, then living, of Mayme Weber, per stirpes.

"One-seventh (1/7) to Chris Hummel and Judy Hummel, of Flint, Michigan. If either of them should predecease me, the entire share shall then go to the one surviving me. If both Chris Hummel and Judy Hummel should predecease me, then this share shall go to the issue, then living, of Chris Hummel, per stirpes.

"One-seventh (1/7) to Frederick Hummel and Doreen Hummel, of Wexford, Pennsylvania. If either of them should predecease me, the entire share shall then go to the one surviving me. If both Frederick Hummel and Doreen Hummel should predecease me, then this share shall go to the issue, then living, of Frederick Hummel and Doreen Hummel, per stirpes.

"One-seventh (1/7) to Louise Hummel, per stirpes.

"One-seventh (1/7) to Margaret Koning, of Galion, Ohio, per stirpes.

"One-seventh (1/7) to my nephew, Howard W. Smith, and Bessie Smith, of Florida. If either of them should predecease me, the entire share shall then go to the one surviving me. If both Howard W. Smith and Bessie Smith should predecease me, then this share shall go to the issue, then living, of Howard W. Smith, per stirpes."

In its technical meaning, "per stirpes" generally relates to the mode of distribution. That is, it refers not to who shall take, but to the manner in which those who shall take come within the class entitled to take. *Kraemer* v. *Hook* (1958), 168 Ohio St. 221, 152 N. E. 2d 430. However, in the present case, the manner of distribution is expressed, but the class to which that distribution is to be made is not expressed. Nonetheless, it is clear to this court that the testatrix intended a gift to secondary takers in the

event that the primary taker, Louise Hummel, did not survive the testatrix.

No cases of this court have been found which directly raise the issue presented herein. In *Kraemer* v. *Hook*, *supra*, at page 229, this court indicated that the term "per stirpes" connotes who is to take, as well as the manner in which he takes, as follows:

"To this court, however, it seems beyond argument that when expressly used in a will both the phrase, 'per stirpes,' and the phrase, 'per capita,' are simply express designations by the testator as to *who will or might be the beneficiaries of his bounty,* and as to what capacity and to what extent such persons will share in such bounty." (Emphasis added.)

In *Casey* v. *Gallagher, supra* (11 Ohio St. 2d 42), this court held, in paragraph five of the syllabus:

"When a testator's will clearly reveals a general plan or intention as to the disposition of his property, and a situation arises that is not within the express language of the will, such general plan may be regarded as existing but incompletely expressed, and the failure to provide for the situation inadvertent rather than intentional, and a gift may be implied for the purpose of completing the general plan."

Considering the will as a whole, several observations can be made.

Where the testatrix intended a gift to lapse, she specifically so provided. See Items II-V, and VII-XI. Comparison of the bequest to Louise in Item III with the gift in Item XIII is particularly revealing. In Item III the gift to Louise lapses if Louise does not survive the testatrix, but no similar lapse is expressed in the Item XIII residuary gift to Louise. In fact, none of the seven bequests of the residuary estate in Item XIII are intended to lapse if the primary gift could not be made. In each instance there was a secondary gift in the event that the primary taker or takers predeceased the testatrix. Where she intended that the secondary gift go to the issue of the primary takers, she

so stated. In the gifts to Olive B. Becvar and Margaret Koning, as well as the gift to Louise Hummel, a secondary gift to the heirs of the named person was clearly intended. In the absence of an express designation of the class of secondary takers, the class will be assumed to be the heirs at law of the named person, as determined by the statutes of descent and distribution. R. C. 2105.01 *et seq.*

Therefore, the judgment of the Court of Appeals, finding that the secondary gift to the heirs at law of Louise Hummel did not lapse, is affirmed.

*Judgment affirmed.*

HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.