VARNS, Exr., Appellee,

v.

VARNS et al., Appellants.

[Cite as *Varns v. Varns* (1991), 81 Ohio App.3d 26.]

Court of Appeals of Ohio,
Wayne County.

No. 2617.

Decided May 29, 1991.

*Louise W. Keating,* for appellee.

*Richard S. Koblentz* and *John M. Widder,* for appellants.

---

REECE, Judge.

In this appeal we must determine the meaning to be afforded the phrase "heirs per stirpes" as employed by Clifford D. Varns in his last will and testament. Clifford executed the document on March 24, 1986, at which time he was unmarried with three living adult children: Donald J. Varns, Roger E. Varns, and Janice Elaine McKelvey. One daughter, Joanne Franks, had died in July 1985, leaving her husband, Kenneth D. Franks, and two children, Debra J. and Kerry D. Franks.

The pertinent provision of the will, Item V, governs the residue of the estate and declares that:

"All the rest and residue of my property, real and personal, of every kind and description and wheresoever situated, which I may own, or have the right to dispose of in any manner at the time of my decease, I give, devise and bequeath as follows:

"(a) One-fourth thereof to my son, DONALD J. VARNS or his heirs per stirpes.

"(b) One-fourth thereof to my son, ROGER E. VARNS or his heirs per stirpes.

"(c) One-fourth thereof to my daughter, JANICE ELAINE McKELVEY or her heirs per stirpes.

"(d) One-fourth thereof, in equal shares, to my son-in-law, KENNETH D. FRANKS and my grandchildren, DEBRA J. FRANKS and KERRY D. FRANKS."

Nowhere in the document is "heirs per stirpes" defined.

In April 1986, two of Clifford's children, Roger and Janice, died. Janice was survived by her husband, Jack McKelvey ("McKelvey"), and three children, Richard F. Drushel, Karen Drushel, and Jennifer Drushel. McKelvey was the stepfather of Janice's children.

Clifford executed codicils to his will on July 10, 1986 and November 12, 1987. Only Item VI designating the executor of the estate was modified. On May 27, 1988, Clifford died.

A dispute emerged concerning whether McKelvey was entitled to a share of his father-in-law's estate as an "heir[ ] per stirpes" of his deceased wife Janice. Donald, as executor, filed a complaint for determination of heirship, in the Wayne County Court of Common Pleas, Probate Division. The parties stipulated to the facts, and briefs were submitted. The probate judge concluded that, as employed in the will, "[h]eirs per stirpes includes children and does not include a surviving spouse." McKelvey timely appealed this ruling and the issue is now before this court.

### Assignment of Error

"The trial court erred in finding that the phrase 'heirs per stirpes' excludes a surviving spouse."

When interpretation of a will is required, the probate court is obliged to ascertain and carry out the intentions of the testator as evidenced by the entire document. *Townsend's Exrs. v. Townsend* (1874), 25 Ohio St. 477, paragraphs one, two and four of the syllabus; *Carr v. Stradley* (1977), 52 Ohio St.2d 220, 6 O.O.3d 469, 371 N.E.2d 540, paragraph one of the syllabus; *Cent. Trust Co. of N. Ohio, N.A. v. Smith* (1990), 50 Ohio St.3d 133, 136, 553 N.E.2d 265, 269. "The words used in the will are to be taken in their primary or ordinary sense, unless it is manifest from the context of the whole will or from the subject matter that the testator intended to use them in a different sense." *Holmes v. Hrobon* (1953), 158 Ohio St. 508, 518, 49 O.O. 450, 455, 110 N.E.2d 574, 581; see, also, *Wittenberg Univ. v. Waterworth* (1984), 13 Ohio App.3d 452, 454–455, 13 OBR 542, 544–546, 469 N.E.2d 970, 972–974.

Neither party has provided, and we are unable to locate, an authoritative definition of the precise phrase "heirs per stirpes." Taken individually, the term "heirs," when used in a will, is flexible. *Cultice v. Mills* (1918), 97 Ohio St. 112, 119 N.E. 200, paragraph one of the syllabus. In the technical sense of the word, an "heir" is anyone who would "take the estate of an intestate under the statute of descent and distribution." *Holt v. Miller* (1938), 133 Ohio St. 418, 11 O.O. 85, 14 N.E.2d 409, paragraph three of the syllabus; see, also, *Kluever v. Cleveland Trust Co.* (1962), 173 Ohio St. 177, 179, 18 O.O.2d 461, 462, 180 N.E.2d 579, 581. As a surviving spouse, McKelvey would

fall within this construction pursuant to R.C. 2105.06(C). However, the term may also be employed to designate only blood relatives or children, thus excluding McKelvey. *Cultice, supra,* 97 Ohio St. at 118–121, 119 N.E. at 201–202; *Jones v. Lewis* (1941), 70 Ohio App. 17, 24–27, 24 O.O. 328, 332–333, 44 N.E.2d 735, 740–742; accord *Gilbert v. Wenzel* (1956), 247 Iowa 1279, 1281–1283, 78 N.W.2d 793, 795–796.

■ Upon review of Clifford's will, we are convinced, as was the probate judge, that the latter definition more closely reflects the testator's intentions. The one-page document was drafted in plain, simple terms relatively devoid of legalese. Significantly, Clifford expressly arranged to join his other widower son-in-law, Kenneth Franks, in his bequests while no mention was made of McKelvey. Had Clifford intended "heirs" to include the husbands of his deceased daughters, specific reference to Franks would not have been necessary. Moreover, Clifford was fully aware of Janice's death when he executed the codicils of 1986 and 1987 but made no provision for McKelvey as he had for Franks.

■ Neither party suggests that the addition of the term "per stirpes" expresses a contrary intention. This legal phrase does not designate *who* will share in the estate, but, rather, how the estate will be divided among those who do take. *Richland Trust Co. v. Becvar* (1975), 44 Ohio St.2d 219, 223, 73 O.O.2d 512, 515, 339 N.E.2d 830, 833. In respect to Item V(c) of the will, therefore, the reference to "heirs per stirpes" indicates an intention to provide each of Janice's three children with one-twelfth of the residue of the estate (one-third of Janice's one-fourth share) and nothing for McKelvey. 32 Ohio Jurisprudence 3d (1981) 231–233, Decedents' Estates, Sections 721 and 722.

The probate court judgment is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., concurs.

COOK, J., dissents.