DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant Heather M. Heiney has appealed from the judgment of the Summit County Court of Common Pleas dismissing her complaint against Defendants-Appellees Janice Godwin, et al. This Court affirms.
 I {¶ 2} On May 13, 2003, Appellant and her parents, Michael and Linda Heiney, filed a complaint against Appellees concerning Appellant's use of an undedicated private roadway, for purposes of this appeal known as Nettle Road, located at the south end of Appellee's property. Appellant filed the complaint believing that she and her parents had a reservation of rights by chain of title or an easement by prescription or estoppel. Appellees answered the complaint on May 21, 2003. On May 28, 2003, Appellants petitioned the Summit County Court of Common Pleas for a preliminary injunction establishing their right of easement over the property. The court denied the injunction.
 {¶ 3} A hearing was held on November 22, 2004 in the Summit County Court of Common Pleas. On February 8, 2005, the trial court issued its final appealable order dismissing the complaint against Defendants-Appellees.
 {¶ 4} Appellant filed a notice of appeal on March 8, 2005. Appellant's signature was the only signature to appear on the notice of appeal. On June 16, 2005, Appellees submitted a Motion to Strike the appeals of Michael and Linda Heiney. Appellees argued that because Appellant was not an attorney, and because neither Michael Heiney nor Linda Heiney signed the notice of appeal in their own pro se capacity, they should be struck from the appeal and only Appellant should be allowed to continue the appeal process on her own behalf. The argument was well taken, and on July 11, 2005, this Court entered a journal entry striking Michael and Linda Heiney from the appeal.
 {¶ 5} Appellant, proceeding pro se, has appealed the trial court's decision, asserting one assignment of error.
 II Assignment of Error Number One
"THE TRIAL COURT COMMITTED ERROR IN NOT GRANTING THE PLAINTIFF THE USE OF NETTLE ROAD."
 {¶ 6} In her sole assignment of error, Appellant has argued that the trial court erred in dismissing her complaint against Appellees. Specifically, Appellant has argued that she has a reservation of rights by chain of title to use Nettle Road, and that she has an easement by prescription and estoppel. We disagree.
Reserved Easement Arguments
 {¶ 7} We first address Appellant's claim that there is a reserved easement running with the land. Appellant has made three general arguments concerning the alleged reserved easement: 1) by direct chain of title, 2) the "quarter section argument" and 3) the "quit claim deed argument." We find all of these arguments to be without merit.
 {¶ 8} We begin by noting that in the matter sub judice, Appellant has challenged the legal conclusion of the trial court — namely that there is no reserved easement running with the land. This Court reviews the legal decisions of the trial court under the de novo standard of review.Evanich v. Bridge, 9th Dist. No. 04CA008566, 2005-Ohio-2140, at ¶ 5. Pursuant to the de novo standard, we independently review the trial court's decision without any deference to the trial court's determination. Morris v. Andros, 158 Ohio App.3d 396, 2004-Ohio-4446, at ¶ 18, citing Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711.
 {¶ 9} Appellant has placed significant emphasis on an 1859 deed from the original grantor, John M. Gardner to Charles Harmon. In this deed, Gardner reserved to himself and "his heirs" the right to use the road on the south side of the property. However, the record reflects that both Appellant's and Appellee's expert witnesses testified that the customary language used to grant an easement is "heirs, executors, administrators, and assigns."
 {¶ 10} In Ohio, the term "heir" means "anyone who would `take the estate of an intestate under the statute of descent and distribution.'"Varns v. Varns (1991), 81 Ohio App.3d 26, 28, quoting Holt v. Miller
(1938), 133 Ohio St. 418, paragraph three of the syllabus. Generally, "heirs" refers to lineal descendants of the grantor. Appellant's expert conceded this point on cross examination, yet maintained his position that Gardner's reference to his "heirs" included people outside of his lineage.
 {¶ 11} Furthermore, Gardner's use of the "heirs and assigns" language in reference to Harmon's heirs and assigns in the 1859 deed indicates that Gardner knew and appreciated the distinction between the two phrases. It also indicates that Gardner could have used broader language had that been his intent.
 {¶ 12} Because the original grantor only reserved to himself and his heirs a right of way and because it is undisputed that Appellant is neither a lineal descendant nor one who would take from Gardner under the rules of intestate succession, we conclude that there is no reserved easement running with the land in the Heiney's chain of title. Furthermore, because the "quarter section argument" and the "quit claim deed argument" outlined in Appellant's brief rely on the existence of such a reserved easement, we find that these arguments lack merit as well.
Easement by Prescription
 {¶ 13} Next, we review Appellant's claim that the trial court erred in not granting her an easement by prescription. We begin by noting that when this Court reviews the decision of a trial court determining whether the requirements of a prescriptive easement have been met, "[we] will not reverse the judgment of the trial court as being against the manifest weight of the evidence if the judgment is based upon some competent, credible evidence that speaks to all of the material elements of the case." Morris, at ¶ 18, citing Willett v. Felger (March 29, 1999), 7th Dist. No. 96 CO 40, 1999 WL 182510, at *7. This standard is highly deferential and even "some" evidence is sufficient to sustain the judgment and prevent reversal. Bell v. Joecken, 9th Dist. No. 20705, 2002-Ohio-1644, at ¶ 14, citing Barkley v. Barkley (1997),119 Ohio App.3d 155, 159.
 {¶ 14} In order to establish the right to a prescriptive easement, the moving party must establish that he has used the subject property (1) openly, (2) notoriously, (3) adversely to the servient property owner's property rights, (4) continuously, and (5) for a period of at least 21 years. Morris, at ¶ 25. See also Bell, at ¶ 16, citing Pence v. Darst
(1989), 62 Ohio App.3d 32, 37. The plaintiff must prove these elements by clear and convincing evidence. Hudkins v. Stratos, 9th Dist. No. 22188, 2005-Ohio-2155, at ¶ 7.
 {¶ 15} After a careful review of the undisputed record, we conclude that Appellant has not proven by clear and convincing evidence that her use of Nettle Road was adverse to the Appellee's rights or exclusive in nature. The record indicates that the use of Nettle Road was permissive and that other parties had historically used the road. Therefore, because Appellant has not met her evidentiary burden and there exists competent, credible evidence supporting the judgment of the trial court, Appellant's prescriptive easement argument is without merit.
Easement by Estoppel or Necessity
 {¶ 16} Finally, we address Appellant's argument that the trial court erred in finding she did not have an easement by estoppel or by necessity. This Court has held that "[f]indings of fact made by the trial court will not be overturned on appeal if supported by some competent, credible evidence." Maloney v. Peterson (1989), 63 Ohio App.3d 405,409.
 {¶ 17} An easement by estoppel "`requires that the party claiming such an easement must have been misled or was caused to change his position to his prejudice.'" Beaver v. Williams (Feb. 21, 2001), 9th Dist. No. 20050, at 10, quoting Monroe Bowling Lanes v. Woodsfield Livestock Sales
(1969), 17 Ohio App.2d 146, 149. In the instant case, Appellant has failed to show competent, credible evidence of any misrepresentation or a change in position caused by reliance on any asserted misrepresentation. See Beaver at 10.
 {¶ 18} An easement by necessity is "one that is implied in the law in order to give effect to the intentions of the parties." Vance v. Rusu,
9th Dist. No. 20841, 2002-Ohio-2096, at ¶ 10. We note that it is well-established that "[e]asements implied of necessity are not favored because, like implied easements generally, they are `in derogation of the rule that written instruments shall speak for themselves.' Thus, to justify the implication of an easement by necessity, strict necessity is required." (Citations omitted.) Tiller v. Hinton (1985), 19 Ohio St.3d 66,69.
 {¶ 19} In order to establish an easement by necessity, the following elements must be satisfied:
"(1) A severance of the unity of ownership in an estate; (2) that before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest as to show that it was meant to be permanent; (3) that the easement shall be reasonably necessary to the beneficial enjoyment of the land granted or retained; (4) that the servitude shall be continuous as distinguished from a temporary or occasional use only." Beaver at 9, quoting Ciski v.Wentworth (1930), 122 Ohio St. 487, paragraph one of the syllabus.
The party seeking to establish the existence of the easement bears the burden of demonstrating each of the required elements. Vance at ¶ 11, citing Trattar v. Rausch (1950), 154 Ohio St. 286, paragraph seven of the syllabus.
 {¶ 20} Based on a review of the undisputed record, we find that Appellant has not demonstrated that the easement is necessary to the enjoyment of the land. See Beaver, supra. The record indicates that an alternate route is available to Appellant via a public road. In fact, Appellant has been using this alternate route on a daily basis during the course of the litigation. Therefore, considering all the evidence, we conclude that the trial court's determination was supported by competent, credible evidence, and accordingly, Appellant's easement by necessity argument lacks merit.
 {¶ 21} Based on the foregoing, Appellant's sole assignment of error is without merit.
 III {¶ 22} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J. Reece, J. concur.
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)