BELARDO, Appellee,

v.

BELARDO, Exr., Appellant.

[Cite as *Belardo v. Belardo*, 187 Ohio App.3d 9, 2010-Ohio-1758.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 93106.

Decided April 22, 2010.

■■■■■■■■

■■■■■■■■■■

■■■■

■■■■■■■■■

Edward M. Graham, for appellee.

Weston Hurd, L.L.P., Shawn W. Maestle, and Angela G. Carlin, for appellant.

MELODY J. STEWART, Presiding Judge.

{¶ 1} This is an appeal from a judgment of the probate court in an action to construe the will of John Vincent Belardo. Following review of the record, and for the reasons stated below, we affirm.

{¶ 2} When Belardo executed his will on March 12, 1985, his wife and two sons were alive. The will left the entire estate to his wife, Josephine, and provided that in the event she should predecease him, the estate was to pass "to my beloved sons, John Salvatore Belardo and James Charles Belardo, share and share alike, absolutely and in fee simple."

{¶ 3} At the time of Belardo's death on July 13, 2008, Josephine and James Charles Belardo had predeceased him. John Salvatore Belardo, appellant in this case, was the only named beneficiary still living. Belardo's will was admitted to probate on July 31, 2008, and appellant was appointed executor of his father's estate.

{¶ 4} On September 8, 2008, appellee, James D. Belardo, the son of James Charles Belardo and grandson of the decedent, filed a complaint for declaratory judgment in the Probate Division of the Cuyahoga County Court of Common Pleas, claiming that pursuant to Ohio's antilapse statute, R.C. 2107.52, he was entitled to his father's share of the estate. Both appellant and appellee filed motions for summary judgment. Appellant asserted that according to the plain language of the will, R.C. 2107.52 did not apply and, therefore, he was the sole beneficiary of the estate.

{¶ 5} The matter was heard by a magistrate, who issued a decision granting appellee's motion and awarded him one-half of decedent's net estate. Appellant timely filed objections to the magistrate's decision. On March 5, 2009, the

probate court overruled appellant's objections and issued judgment for appellee. Finding that the language in Belardo's will did not manifest an intent contrary to the antilapse statute, the trial court ordered that the estate be distributed in accordance with the provisions of that statute. Appellant timely appealed, assigning two errors for our review.

{¶ 6} "I. The trial court erred in determining that appellee, James D. Belardo, was entitled to his predeceased father's alleged share of John Vincent Belardo's estate."

{¶ 7} When dealing with a judgment involving the construction of a will, an appellate court reviews the decision of the trial court on a de novo basis as a matter of law. *Church v. Morgan* (1996), 115 Ohio App.3d 477, 481, 685 N.E.2d 809. As such, we review the judgment independently and without deference to the determination of the trial court.

{¶ 8} "In the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator. Such intention must be ascertained from the words contained in the will. *Carr v. Stradley* (1977), 52 Ohio St.2d 220, 6 O.O.3d 469, 371 N.E.2d 540, paragraph one of the syllabus; *Townsend's Exrs. v. Townsend* (1874), 25 Ohio St. 477, paragraphs one and two of the syllabus. The court may consider extrinsic evidence to determine the testator's intention only when the language used in the will creates doubt as to the meaning of the will. *Sandy v. Mouhot* (1982), 1 Ohio St.3d 143, 145, 1 OBR 178, 180, 438 N.E.2d 117, 118; *Wills v. Union Savings & Trust Co.* (1982), 69 Ohio St.2d 382, 23 O.O.3d 350, 433 N.E.2d 152, paragraph two of the syllabus." *Oliver v. Bank One, Dayton, N.A.* (1991), 60 Ohio St.3d 32, 34, 573 N.E.2d 55. Appellant asserts that the language used by decedent directs a single specific bequest to be given as follows: "to my beloved sons, * * * share and share alike, absolutely and in fee simple." He argues that this language mandates a per capita distribution within the class of Belardo's sons, rather than the per stirpes, or representative, distribution ordered by the probate court.

{¶ 9} We disagree with appellant's assertion that the language used manifested intent to create a class gift. In his will, Belardo both designated the individual beneficiaries as a class, i.e., "his beloved sons," and named them as individuals. In *Jewett v. Jewett* (1900), 21 Ohio Cir.Ct.R. 278, affirmed without opinion in 67 Ohio St. 541, 67 N.E. 1098, the rule in such a case was stated as follows: "[T]he rule of law is, that when the gift is made to persons designated by name, that is, individually, it is a gift to them as individuals, and not as a class, even though the persons designated may constitute a class." The court explained that when the will designates beneficiaries as individuals, and also as a class, and there is nothing more to show the testator's intent, "the construction is that the

gift by name constitutes a gift to individuals to which the class description is added by way of identification." Id.

{¶ 10} As in *Jewett*, it seems clear to us that this is a gift to John Salvatore Belardo and James Charles Belardo as individuals, and not as a class. There is nothing to show that Belardo intended anything more than to identify John and James as being "beloved sons." Accordingly, we find that Belardo's intent was to give each son, individually, an equal one-half share of his estate.

### The Antilapse Statute

{¶ 11} R.C. 2107.52 provides:

{¶ 12} "Unless a contrary intention is manifested in the will, if a devise of real property or a bequest of personal property is made to a relative of a testator and the relative was dead at the time the will was made or dies after that time, leaving issue surviving the testator, those issues shall take by representation the devised or bequeathed property as the devisee or legatee would have done if he had survived the testator."

{¶ 13} The statute was enacted to prevent lapsing of a devise when the devise is made to a relative who predeceases the testator but has issue who survive the testator. The Ohio Supreme Court explained the reasoning behind an earlier antilapse statute as follows:

{¶ 14} "The rule as to the lapsing of devises and legacies that prevailed before the statute defeated, in most cases, the intention of the testator. He generally made his will with reference to the objects of his bounty as they existed at the time, and as though his will took effect at the date of its execution, not apprehending that a lapse would occur in case any of them should die before himself, unless some express disposition should be made in anticipation of such event. The statute was passed to remedy such disappointments, and should receive a liberal construction, so as to advance the remedy and suppress the mischief." *Woolley v. Paxson* (1889), 46 Ohio St. 307, 24 N.E. 599.

{¶ 15} The legislature presumed that a testator would want the issue of a predeceased relative to inherit the relative's share rather than have the devise lapse. To overcome this presumption and avoid application of the statute, the will must specifically provide otherwise. Id.

{¶ 16} Appellant argues that the use of the words "share and share alike" requires that the bequest be distributed per capita and not per stirpes and, therefore, the antilapse statute does not apply. He contends that the Ohio Supreme Court decision in *Polen v. Baker* (2001), 92 Ohio St.3d 563, 752 N.E.2d 258, is directly on point.

{¶ 17} Appellant's argument confuses two separate issues in will construction: who may take under the will and in what manner they will take. "[I]t is well settled that 'equally share and share alike' designates the manner in which beneficiaries are to take. Such language presumptively indicates an intent for the beneficiaries to take per capita and not per stirpes." *Polen*, 92 Ohio St.3d at 568, 752 N.E.2d 258, citing *Mooney v. Purpus* (1904), 70 Ohio St. 57, 70 N.E. 894. A "distribution per capita" means that each of those named beneficiaries take an amount equal to that taken by the others. See Black's Law Dictionary (5th Ed.1979) 1022.

{¶ 18} However, per capita and per stirpes are legal terms that do not designate who will share in the estate but rather how the estate will be divided among those who do share. See *Varns v. Varns* (1991), 81 Ohio App.3d 26, 610 N.E.2d 440, citing *Richland Trust Co. v. Becvar* (1975), 44 Ohio St.2d 219, 223, 73 O.O.2d 512, 339 N.E.2d 830. The contested issue in this case is not how the beneficiaries will share but who is entitled to share in the estate under the will. The answer to that question requires a determination of whether the antilapse statute applies to prevent the lapse of the bequest to Belardo's predeceased son.

{¶ 19} It is not disputed that James Charles Belardo was a relative of the testator, that he died after the will was made, and that he left surviving issue. Accordingly, under the statute, appellee is entitled to take by representation his father's share of the estate unless the will contains a sufficient expression of a contrary intent. *Tootle v. Tootle* (1986), 22 Ohio St.3d 244, 248, 22 OBR 420, 490 N.E.2d 878.

{¶ 20} In *Polen*, the will's residuary clause directed that the net proceeds from the residue of the estate be distributed to five named beneficiaries "equally share and share alike, the same to be theirs absolutely, *or to the survivors thereof.*" (Emphasis added.) *Polen*, 92 Ohio St.3d at 564, 752 N.E.2d 258. The court found that through the use of "words of survivorship," the testator evidenced an intent to avoid application of the antilapse statute and provide for a per capita distribution to the surviving named beneficiaries with each surviving beneficiary to take "an absolute, or unencumbered, respective share." Id. at 568, 752 N.E.2d 258.

{¶ 21} There are no certain or exact words of survivorship needed to indicate intent to avoid the statute. The language, "equally between my two sons, GEORGE C. RUMBERG, JOHN W. RUMBERG and my daughter, ROBERTA R. WITTMAN, *if they survive me*, to be theirs in equal shares, share and share alike, and in fee simple," was found sufficient to demonstrate an intent to limit the devise to testator's children and to have the devise lapse as to any of the children who did not survive the testator. (Emphasis added.) *Rumberg v. Rumberg* (Dec. 16, 1998), 7th Dist. No. 96 CA 165, 1998 WL 896334. The same

result was reached with the language, "to all of my brothers who shall be living at the time of my decease." *Day v. Brooks* (1967), 10 Ohio Misc. 273, 39 O.O.2d 441, 224 N.E.2d 557.

{¶ 22} Unlike in *Polen* or the other cases cited, the will in this case does not contain any survivorship language to overcome the statute's presumption in favor of the survivor of the deceased beneficiary. The only words of survivorship in the will relate to the bequest to Belardo's wife, Josephine. There are no words of survivorship noted with regard to his sons. Because a testator is presumed to have known of the existence and effect of the antilapse statute, *Everhard v. Brown* (1945), 75 Ohio App. 451, 31 O.O. 268, 62 N.E.2d 901, if Belardo had wanted to avoid the effects of the statute, he would have had to include survivorship language in the bequest to his sons.

{¶ 23} We find that Belardo's intent can be ascertained from the clear and unambiguous language of the will. He designated his beneficiaries by name and included no words of survivorship relating to them. The language used manifests no intent on his behalf to defeat the operation of R.C. 2107.52. Accordingly, we conclude that the probate court did not err when it ordered Belardo's estate distributed in accordance with R.C. 2107.52, resulting in appellee receiving by representation a distribution of the bequest made to his father, James Charles Belardo.

{¶ 24} "II. The trial court erred in failing to permit extrinsic evidence to establish that the decedent desired a *per capita* distribution of his residuary estate."

{¶ 25} With regard to this second assigned error, we find that appellant failed to properly preserve this issue for review. There is no affidavit or other Civ.R. 56(C) evidence attached to appellant's motion for summary judgment or to his brief in opposition to appellee's motion. In his objections to the magistrate's decision, appellant did not raise an objection to the magistrate's refusal to allow him to present extrinsic evidence at the hearing. Also, appellant failed to provide an affidavit of the evidence as required by Civ.R. 53(D)(3)(iv) in cases, such as this one, when there is no transcript of the hearing.

{¶ 26} Appellant attempts to place the matter before this court by attaching a copy of his "Statement of Evidence" to the appellate reply brief. The docket does not reflect that such a document was ever filed with the probate court and there is no such document in the probate court record before us. This court cannot consider matters outside the record. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500. An exhibit attached to an appellate brief and not filed with the trial court is not part of the record. *In re*

*Estate of Price* (Oct. 26, 1995), 8th Dist. No. 68628, 1995 WL 628344, citing *Middletown v. Allen* (1989), 63 Ohio App.3d 443, 449, 579 N.E.2d 254.

{¶ 27} Even if appellant had properly preserved the issue, his argument would fail. The probate court may consider extrinsic evidence to determine the testator's intent only when the express language of the will creates doubt as to its meaning. *Oliver*, 60 Ohio St.3d at 34, 573 N.E.2d at 57. When the language of the will is clear and unambiguous, the testator's intent must be ascertained from the express terms of the will itself. *Church v. Morgan*, 115 Ohio App.3d at 481, 685 N.E.2d 809. Appellant acknowledged in both his opposition to appellee's motion for summary judgment and his objections to the magistrate's decision that "the language of the *Will* of John Vincent Belardo is clear and unambiguous." Therefore, there was no need to resort to extrinsic evidence.

{¶ 28} Appellant's second assignment of error is overruled.

Judgment affirmed.

CELEBREZZE JR. and JONES, JJ., concur.