[Cite as *Bills v. Babington*, 2019-Ohio-3924.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

Michael M. Bills

    Appellant

v.

Tara Babington, Administrator,
etc., et al.

    Appellees

Court of Appeals No. H-19-001

Trial Court No. CW 2017 00001

**DECISION AND JUDGMENT**

Decided:  September 27, 2109

* * * * *

Carl J. Kamm III, for appellant.

Kathryn Frombaugh, for appellees.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} In this will-construction action, plaintiff-appellant, Michael M. Bills, appeals

the January 15, 2019 judgment of the Huron County Court of Common Pleas, Probate

Division, which granted summary judgment in favor of appellee Kathryn Frombaugh,

et al., determining that appellees, the minor children of the sole will beneficiary, were entitled to share equally under the will. For the reasons that follow, we affirm.

{¶ 2} The will that is the subject of this dispute was admitted to probate on June 15, 2017, following the death of the testator, Ronald L. Bills, on May 14, 2017. Ronald's surviving next-of-kin include his nephew, appellant Michael Bills, and a great-niece and great-nephew. Ronald's will provided that after payment of all his debts and funeral expenses, the remainder of his estate would go to "my beloved step-granddaughter, Erica K. Hemsath-Anderson, in fee simple, absolutely and forever, per stirpes." The will also appointed Erica as executrix. The will was executed on December 10, 2007. Erica predeceased Ronald in April 2016, and was survived by her two minor children.

{¶ 3} On December 29, 2017, appellant commenced this action. Appellant named as defendants the administrator of the estate, Tara Babington, the suggested beneficiaries, M.A. and S.A., the minor children of Erica, and Emily and Evan Bills, great-niece and great-nephew of Ronald. On February 2, 2018, Kathryn Frombaugh, guardian ad litem for the minor children, filed an answer to appellant's complaint.

{¶ 4} On December 11, 2018, appellant and the guardian ad litem to appellees filed motions for summary judgment. Appellees argued that the use of the term "per stirpes" when read in the context of the entire will evidenced an intent to make a secondary gift to the heirs of Erica, the named devisee. Appellees further asserted that Ronald had maintained a relationship with the children until his death.

2.

**{¶ 5}** Conversely, appellant argued that the gift to Erica lapsed upon her death because Ohio's anti-lapse statute, R.C. 2107.52, does not apply to step-grandchildren and that the term "per stirpes" refers only to the mode of distribution or the manner in which the shares are divided in a root generation; it does not create a right of survivorship.

**{¶ 6}** On January 15, 2019, the trial court granted appellees' motion for summary judgment. The court concluded that in reviewing the language used in the will and the circumstances surrounding the execution of the will, Ronald's bequest to Erica "per stirpes" intended a secondary gift to her heirs if she predeceased him.

**{¶ 7}** This appeal followed with appellant raising two assignments of error for our consideration:

> First Assignment of Error: The trial court erred in failing to hold that the term "per stirpes" is only a mode of distribution.

> Second Assignment of Error: The trial court erred in granting summary judgment in favor of appellees and against appellant by holding that Ronald L. Bills intended a secondary gift to go to Erica K. Hemsath-Anderson's heirs if she predeceased him.

**{¶ 8}** As the assignments of error are related, they will be jointly addressed. Our review of both a judgment involving the construction of a will and a summary judgment determination is de novo. *Belardo v. Belardo*, 187 Ohio App.3d 9, 2010-Ohio-1758, 930 N.E.2d 862, ¶ 7 (8th Dist.); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

3.

**{¶ 9}** We begin with the basic law guiding will interpretation which provides;

> "[i]n the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator." *Oliver v. Bank One, Dayton, N.A.* (1991), 60 Ohio St.3d 32, 34, 573 N.E.2d 55, 58, citing *Carr v. Stradley* (1977), 52 Ohio St.2d 220, 6 O.O.3d 469, 371 N.E.2d 540, paragraph one of the syllabus, and *Townsend's Exrs. v. Townsend* (1874), 25 Ohio St. 477, 1874 WL 101, paragraph one of the syllabus. This intent is to be gleaned from the words used. *Id.*, citing *Townsend's Exrs.*, paragraph two of the syllabus. These words, "'if technical, must be taken in their technical sense, and if not technical, in their ordinary sense, unless it appear(s) from the context that they were used by the testator in some secondary sense.'" *Ohio Natl. Bank of Columbus v. Adair* (1978), 54 Ohio St.2d 26, 30, 8 O.O.3d 15, 17, 374 N.E.2d 415, 418, quoting *Townsend's Exrs.*, 25 Ohio St. 477, paragraph three of the syllabus.

*Polen v. Baker*, 92 Ohio St.3d 563, 565, 752 N.E.2d 258, 260 (2001).

**{¶ 10}** Paramount is "'[t]he general rule [that] in the interpretations of wills * * * the intention of the testator is to govern, and when that is ascertained, all things must yield to it, the object being to carry out the purposes and intention of the testator as expressed in his will, and all technical rules must bend to this rule.'" *Id.* at 566, quoting *Jewett v. Jewett*, 12 Ohio C.D. 131, 1900 WL 1176, *2 (1900).

4.

**{¶ 11}** At issue in this case is the interpretation of the sole bequest in Ronald's will, which provides:

> ITEM II. I hereby appoint, devise and bequeath all the rest, residue and remainder of my property, real, personal and mixed, of every kind and description, wheresoever situated, which I own, have the power of appointment over, or have the right to dispose of at the time of my decease to my beloved step-granddaughter, Erica K. Hemsath-Anderson, in fee simple, absolutely and forever, per stirpes.

**{¶ 12}** Specifically, at issue is whether the term "per stirpes" created a secondary devise to the heirs of beneficiary, Erica. The term means that a gift is "[p]roportionately divided between beneficiaries according to their deceased ancestor's share." Black's Law Dictionary (11th Ed.2019). Ohio courts have uniformly agreed that the term "per stirpes" relates to the mode of distribution rather than the manner of distribution. In other words, the term does not create a survivorship right, it explains how the estate is to be divided among the persons entitled to take. *Belardo*, 187 Ohio App.3d 9, 2010-Ohio-1758, 930 N.E.2d 862, at ¶ 18.

**{¶ 13}** The parties debate the trial court's reliance on a case where the court interpreted a "per stirpes" clause, without a secondary taker, as providing a secondary gift to the heirs of the named person who predeceased the testatrix. *Richland Trust Co. v. Becvar*, 44 Ohio St.2d 219, 339 N.E.2d 830 (1975). In *Becvar*, the testatrix made several bequests in her will; many of the bequests stated that if the primary taker predeceased

5.

her, the gifts would lapse. *Id.* at 221-222. At issue was the provision in the residuary clause which provided: "(o)ne seventh (1/7) to Louise Hummel, per stirpes." *Id.* at 219.

{¶ 14} Looking at the entire will, the court determined that where the testatrix intended a gift to lapse, it was specifically provided. *Id.* at 224. Thus, the court, in order to uphold the intended meaning of the devise, held that the "per stirpes" designation meant that the gift did not lapse and intended that a secondary gift go to the heirs of the named person. *Id.* at 225. In making this determination, the *Becvar* court relied upon a prior decision which held:

> When a testator's will clearly reveals a general plan or intention as to the disposition of his property, and a situation arises that is not within the express language of the will, such general plan may be regarded as existing but incompletely expressed, and the failure to provide for the situation inadvertent rather than intentional, and a gift may be implied for the purpose of completing the general plan.

*Casey v. Gallagher*, 11 Ohio St.2d 42, 43, 227 N.E.2d 801 (1967), paragraph five of the syllabus.

{¶ 15} As in *Becvar*, the devise at issue provides the designation "per stirpes" but fails to provide the class of persons who will take under the clause. Appellant contends that, unlike *Becvar*, there was no plan or scheme of distribution that the court could rely on to glean Ronald's intent.

6.

{¶ 16} In granting appellees' motion for summary judgment, the trial court determined:

Ronald provided for a bequest to Erica per stirpes, but did not expressly designate the class of persons who were to take in the event she did not survive him. The anti-lapse statute, R.C. 2107.52(B), does not apply because Erica is a stepgrandchild of Ronald, not a stepchild. From the content of his will in its entirety, however, and using the rules of construction set forth above, this Court concludes that Ronald intended a secondary gift to go to Erica's heirs if she predeceased him. Not only does his will contain no other bequests, Ronald's will makes absolutely no mention of any other person or class of persons, including any of his own lineal descendants. Erica was to have received all of his estate and to be the fiduciary of that estate. He used the strong, unequivocal language of "to my beloved step-granddaughter, Erica K. Hemsath-Anderson, in fee simple, absolutely and forever, per stirpes" in making his bequest to her. His estate plan was clear.

{¶ 17} Independently reviewing the language employed in the will and the relevant case law, we cannot say the court's decision was in error. The language used in the devise was absolute and unequivocal: to my "beloved step-granddaughter * * * absolutely and forever, per stirpes." The intent is further evidenced by the entirety of the

7.

gift. To ignore the inclusion of the "per stirpes" designation would thwart Ronald's intent in making the bequest.

{¶ 18} Based on the foregoing, we find that no genuine issue of fact remains and the trial court did not err in granting summary judgment to appellees. Appellant's first and second assignments of error are not well-taken.

{¶ 19} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Huron County Court of Common Pleas, Probate Division, is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                          _____
                                                                    JUDGE

Arlene Singer, J.                

                                                                     _____

Gene A. Zmuda, J.                                       JUDGE
CONCUR.

                                                                       _____
                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

8.